1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   COLIN M. RANDOLPH,                         CASE NO. 1:12-cv-00392-LJO-MJS PC

11                    Plaintiff,               ORDER DENYING PLAINTIFF'S
                                               OBJECTIONS TO DENIAL OF MOTION
12          v.                                 FOR APPOINTMENT OF COUNSEL

13                                             (ECF NO. 10)
     B. NIX, et al.,
14
                     Defendants.
15   _____/

16

17   I.     **PROCEDURAL HISTORY**

18          Plaintiff Colin M. Randolph is a California state prisoner proceeding pro se and in

19   forma pauperis in this civil rights action filed March 15, 2012 pursuant to 42 U.S.C. §

20   1983. (Compl., ECF No. 1.) Plaintiff's Complaint has not yet been screened.[1]

21          Plaintiff's Motion for Appointment of Counsel (Mot. Appt. Counsel, ECF No. 3)

22   was denied by the Court on March 26, 2012. (Order Den. Mot., ECF No. 6.)

23          Before the Court are Plaintiff's April 10, 2012 Objections to Denial of Motion for

24   _____

25          [1] The Court is required to screen complaints brought by prisoners seeking relief against a
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court
26   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or
     malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a
27   defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court will not direct service
     by the United States Marshal absent a pleading containing cognizable claims for relief against the named
28   Defendants.

1
2
3
4
5
6

Appointment of Counsel. (Obj. to Den., ECF No. 10.) Plaintiff objects on grounds that his claims are exceptional, that prison staff is engaging in systematic retaliation against him and refusing him access to the courts and his medical files, and that he has been unable to find legal representation. (Id.) The Court construes the objections as a request for reconsideration of the Court's March 26, 2012 order denying appointment of counsel.

7

## II.   ANALYSIS

8
9
10
11
12
13
14
15

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ... " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control ...." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

16
17
18
19
20
21
22
23

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ... " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

24
25
26
27
28

Here Plaintiff has provided no basis for granting a motion for reconsideration. He has not shown clear error or other meritorious grounds for relief from the March 26th order. It remains the conclusion of the Court that this case does not currently present exceptional circumstances relative to likelihood of success and complexity of factual and legal issues involved. The Court, at this early stage, cannot say that Plaintiff is

likely to succeed on the merits or that Plaintiff cannot adequately investigate and articulate his claims.

**III.   CONCLUSION AND ORDER**

Plaintiff has not met his burden as a party moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's Objections to Denial of Motion for Appointment of Counsel (ECF No. 10), construed as a motion for reconsideration, is DENIED.


IT IS SO ORDERED.

Dated:    April 23, 2012            /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

-3-