1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
7

## EASTERN DISTRICT OF CALIFORNIA

8

COLIN M. RANDOLPH,

9

Plaintiff,

10
11

v.

12
13

B. NIX, et al.,

14

Defendants.

15

_____/

CASE NO.    1:12-CV-00392-LJO-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

16
17
18

## SCREENING ORDER

19

### I.    PROCEDURAL HISTORY

20

        Plaintiff Colin M. Randolph, a state prisoner proceeding pro se and in forma

21

pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

22

        Plaintiff's Complaint is now before the Court for screening.

23

### II.    SCREENING REQUIREMENT

24
25

        The Court is required to screen complaints brought by prisoners seeking relief

26

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

27

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff's Complaint is lengthy. Plaintiff alleges he is vision and mobility impaired. Upon his February 2011 transfer to Kern Valley State Prison (KVSP), Defendant medical and corrections staff were indifferent to and failed to accommodate needs created by his impairments, and improperly handled and retaliated against him for his grievances, all in violation of his First, Eighth and Fourteenth Amendment rights and rights under state disability and tort law. (Compl. at 1, 39-44.)

More specifically, Defendant medical staff ignored his prior accommodation chrono's from other prison facilities (for lower bunk, prescription glasses and vison vest), failed to properly classify Plaintiff as disabled upon his arrival at KVSP, delayed until April 27, 2011 providing him with an accommodation chrono for a lower bunk and did so only after his

-2-

April 22, 2011 fall from an upper bunk, improperly delayed, denied and retaliated for his grievances, were indifferent to his medical needs and conditions of confinement, and improperly excluded him from the Disability Placement Program.(Id.)

Defendant corrections staff delayed complying with the April 27, 2011 lower bunk accommodation chrono, causing Plaintiff to sleep on the floor for a brief period of time (Id. at 31-34), improperly delayed, denied and retaliated for his grievances, contrived a rules violation and then denied him due process at the disciplinary hearing. (Id.)

Plaintiff names as Defendants in their official and individual capacities (1) KVSP medical staff Akanno MD, Avery MD, Doe MD, Nix RN, (2) KVSP correctional staff Warden Biter, Capt. Augustus, Lt. Esparasa, Sgt. Kohlier, Sgt. Cruthers, Sgt. Gladden, Off. Hernandez, Off. Philpod, Off. Munioz, Off. Gonzales, Off. Mejian, Off. Calderone, Off. Perez, and Off. Doe.

Plaintiff seeks monetary compensation, declaratory and injunctive relief.

IV.   **ANALYSIS**

   A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B.    Section 1983 Linkage and Doe Defendants

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege facts personally linking Defendant Warden Bitter to any violation of his rights. Plaintiff may not proceed against Warden Bitter unless he describes how this Defendant *personally* violated, or knowingly directed a violation of, his constitutional rights. Fed.R.Civ.P. 8(a).

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem; those

-4-

persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

**C.     ADA Accommodation**

Plaintiff alleges Defendants failed to properly accommodate his vision and mobility disabilities.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir.1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138

-5-

(9th Cir. 2001).

Plaintiff alleges that Defendant Dr. Akanno issued an accommodation chrono for a lower bunk on April 27, 2011,[1] and that at times thereafter he was not assigned a lower bunk as required by this accommodation chrono.[2]

However, he fails to allege facts plausibly claiming that the occasional failure to provide a lower bunk was "by reason of" and with "deliberate indifference to" his mobility disability. The information before the Court suggests any such failure was due to a shortage of available lower bunks and a lack of awareness in corrections staff of the April 27, 2011 accommodation chrono.[3]  Failure to provide a lower bunk when none is available may not constitute a failure to provide reasonable accommodation. See Muhammad v. Department of Corrections, 645 F.Supp.2d 299, 314 (D.N.J. 2008) (transfer of an amputee inmate without penological justification, from a lower bunk to an upper bunk, when a reasonable accommodation appears to have been readily available is sufficient to state an ADA claim). Mere negligence is not sufficient to state an ADA claim.  See Muhammad, 645 F.Supp.2d at 311 (negligence is not sufficient to constitute conduct "by reason of" an inmate's disability necessary to state an ADA claim).

Plaintiff fails to allege facts plausibly claiming a "disability based animus" in Defendants' occasional failure to provide a lower bunk. See Forestier Fradera v. Municipality of Mayagueaz, 440 F.3d 17, 23 (1st Cir. 2006) (delay in providing

---

[1] Nothing before the Court suggests Plaintiff had a valid accommodation chrono in effect at KVSP prior to April 27, 2011. Compl. at 22; Ex.'s A, B, E.

[2] Plaintiff was not assigned a lower bunk during April 27, 2011-June 21, 2011, and October 8, 2011-October 9, 2011. Compl. at 23-28, 31-32.

[3] Compl. at 24, 28-29.

accommodation due to "political discrimination" not sufficient to support ADA claim).

The medical Defendants treatment of Plaintiff's condition, or lack thereof cannot impose liability under the ADA.[4]

To the extent that Plaintiff wishes to seek assistance that he believes is due pursuant to the Armstrong Remedial Plan, he "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98–4386 CRB(PR), 2002 WL 31093590, *4 (N.D.Cal. Sept.17, 2002). Plaintiff may not sue for damages in this action solely on the basis that Defendants allegedly violated the Armstrong Remedial Plan.[5]

Plaintiff fails to allege facts sufficient to state a plausible claim for failure to accommodate under the ADA. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each Defendant.

### D. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment.

---

[4] Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[t]he ADA does not create a remedy for medical malpractice.").

[5] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94–2307–CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming order requiring submission of a remedial plan for California Department of Corrections and Rehabilitation's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

Plaintiff's April 22, 2011 injuries suffered in falling from his upper bunk required hospitalization and follow-up care in the prison clinic and constitute a serious medical need

sufficient to satisfy the first prong of deliberate indifference.[6] These injuries, if not properly treated would be expected to cause interference in daily activities and further injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff has not alleged facts demonstrating that any of the Defendants were deliberately indifferent to his medical needs. The facts suggest Plaintiff received ongoing access to medical care. Plaintiff's disagreement with the medical opinion, diagnosis and treatment of the prison medical staff is not a sufficient basis for a medical indifference claim under the Eighth Amendment.

The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson, 503 U.S. 1, 9 (1992).

If Plaintiff chooses to amend he must set forth sufficient facts showing in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendants.

**E.   Conditions of Confinement**

Plaintiff alleges that Defendants' failure to accommodate his disability violated his rights against cruel and unusual punishment.

---

[6] Plaintiff does not allege facts sufficient to plausibly claim a serious medical need from an October 9, 2011 fall from an upper bunk. (Compl. at 33-35.)

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9.

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff can not rely on his deficient ADA accommodation claim as a predicate for a conditions of confinement claim and has not alleged facts plausibly claiming that he was

denied "the minimal civilized measures of life's necessities."

Plaintiff has failed to allege an objectively serious deprivation and Defendants' subjective deliberate indifference thereto.

Plaintiff fails to state a cognizable conditions of confinement claim. The Court will allow an opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must set forth sufficient facts showing the above noted elements attributable to each Defendant.

### F.   Due Process

#### 1.   Inmate Appeals

Plaintiff alleges that Defendants failed to process and respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

#### 2.   Rules Violation Hearing

Plaintiff alleges that Defendant Perez, the Investigative Employee assigned to assist

-11-

Plaintiff at his disciplinary hearing on an October 20, 2011 rules violation for threatening staff, did not allow him an opportunity to get his glasses or have documents enlarged for his review, and thereby denied him due process rights in challenging the charge.[7]

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected interest without procedural due process. He does not allege facts sufficient to claim a vision disability accommodation chrono at KVSP and so can not base his due process claim thereon.[8]  He fails to allege facts plausibly identifying a disciplinary hearing process due him that was denied by Defendants.[9]

The Court will allow an opportunity to amend to correct the noted deficiencies. In order to state a cognizable claim, Plaintiff must set forth sufficient facts showing the above noted elements attributable to each Defendant.

## G.   Retaliation

Plaintiff alleges Defendants threatened him with disciplinary segregation, charged him with a rules violation resulting in Ad Seg, and removed him from the Disabled Prisoner Program in retaliation for his grievances.

"Within the prison context, a viable claim of First Amendment retaliation entails five

---

[7] Compl. at 36.

[8] Vision deficiency correctable with prescription glasses does not constitute an ADA disability. Kemppainen v. Aransas County Detention Center, 626 F.Supp.2d 672, 679 (S.D. Tex. 2009).

[9] An Investigative Employee is not, in all instances required assist an inmate's preparation for disciplinary hearing. Cal. Code Regs. tit. 15 § 3318.

-12-

basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

The threat of removal from the general population, disciplinary charges and termination of his participation in the Disabled Prisoner Program, taken as true on screening are sufficient to show an adverse action.[10] Plaintiff has satisfied the first element.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); accord Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997); see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent.")

Plaintiff fails to sufficiently allege facts plausibly claiming the alleged adverse

---

[10] Defendant Dr. Akanno's statement that, Plaintiff's filing an appeal "would be harder for Plaintiff than it would be for [Dr. Akanno]", (Compl. at 14), does not clearly threaten punishment or regulatory action.

-13-

action was "because of" Plaintiff's grievance filings and proposed civil rights litigation.[11] The information before the Court suggests the threats of disciplinary segregation and the rules violation resulted from Plaintiff's pre-litigation "discovery" efforts threatening corrections staff.[12] See Crist v. Phelps, 810 F.Supp.2d 703, 709 (D. Del. 2011) (no retaliatory motive where defendants acted for a legitimate penological purpose). "Prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security." Crist, 810 F.Supp.2d at 710 (citing Bell v. Wolfish, 441 U.S. 520, 527 (1979).  See Medina v. Skowron, 806 F.Supp.2d 647, 651 (W.D.N.Y. 2011) ("an inmate cannot insulate himself from all adverse actions simply by filing a grievance . . . .")

Plaintiff does not allege facts plausibly claiming that his removal from the Disabled Prisoner Program was "because of" his protected First Amendment conduct. He simply alleges that on November 15-16, 2011 he was removed from the Disabled Prisoner Program.[13]  The information before the Court suggests removal was based upon "observation by staff".[14] Mere temporal proximity in such instance is insufficient to show causal connection. See Id. (citing Diello v. Potter, 697 F.Supp.2d 410, 414 (W.D.N.Y. 2010) ( "[i]t is well-settled that temporal proximity alone is insufficient" to show retaliatory

---

[11] The filing of prison grievances, <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989), and accessing the court for civil rights purposes (<u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985), are all actions protected by the First Amendment.

[12] Compl. at 29.

[13] Compl. at 37-38.

[14] Compl., Ex. C at 2.

-14-

motive, particularly were defendants have come forward with legitimate reasons for their actions.") Plaintiff has not satisfied the second and third elements.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). It cannot be said that Plaintiff's First Amendment rights were chilled; Plaintiff filed this civil rights litigation. Nor would non-retaliatory adverse action chill a person of ordinary firmness. Plaintiff has not satisfied the fourth element.

With respect to the fifth element, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See Id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff alleges no facts plausibly claiming a retaliatory motive in Defendants alleged adverse action, or that Defendants acted in excess of legitimate penological goals. Plaintiff has not satisfied the fifth element of his retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

-15-

1

2

3

### H.   Equal Protection

Plaintiff alleges that Defendants' failure to accommodate his disability violated his equal protection rights.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class (Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); see also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); see also  North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce, 351 F.3d at 1288 (citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994)) (citing Ross v. Moffitt, 417 U.S. 600, 609, 612 (1974)).

Plaintiff's deficient ADA accommodation claim is not a sufficient predicate for an equal protection claim.

He alleges no facts showing membership in a protected class, or that he was intentionally treated differently from similarly situated individuals without rational relationship to penological goals. "Because 'the disabled do not constitute a suspect class' for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to legitimate legislative

-16-

goals' to pass constitutional muster." Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008) (citing Lee, 250 F.3d at 687. Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

## I. **State Law Claims**

Plaintiff alleges he "filed a claim to Victim Compensation Government Claims Board and was notified of rejection." (Compl. at 38.) He fails to attach either the claim or rejection notice.[15] The Court is uncertain whether a timely claim was filed.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

The Court need not address the viability of Plaintiff's state law claim because it will not exercise supplemental jurisdiction over any state law claim given Plaintiff's inability to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v.

---

[15] Plaintiff refers to "Exhibit E-2" to the Complaint, however there is no Exhibit E-2 attached to or included with the Complaint.

-17-

Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing compliance with the Tort Claims Act as to a timely and sufficient state law claim as against each of the Defendants.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

-18-

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed March 15, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint **not to exceed twenty-five (25) pages** within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva, 658 F.3d 1090.

IT IS SO ORDERED.


Dated:     May 24, 2012          _____/s/ *Michael J. Seng*_____
                                 UNITED STATES MAGISTRATE JUDGE

-19-