IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH, | CASE No. 1:12-cv-00392-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL |
| v. | (ECF No. 14) |
| B. NIX, et al., | |
| Defendants. | |

Plaintiff Colin M. Randolph, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action filed on March 15, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was dismissed for failure to state a claim, but with leave to file an amended complaint. (ECF 12.) Plaintiff filed a First Amended Complaint on June 22, 2012 (ECF No. 13), which the Court has not yet screened.

Pending before the Court is Plaintiff's Motion Requesting Appointment of Counsel which asserts as grounds alleged difficulties informally gaining access to documents and records and vison problems. (ECF No. 14.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

-1-

1  States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
2  However, in certain exceptional circumstances the Court may request the voluntary
3  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

4      Without a reasonable method of securing and compensating counsel, the Court
5  will seek volunteer counsel only in the most serious and exceptional cases. In
6  determining whether "exceptional circumstances exist, the district court must evaluate
7  both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
8  his or her claims pro se in light of the complexity of the legal issues involved." Id.
9  Neither of these factors is dispositive and both must be viewed together before
10 reaching a decision on request of counsel under section 1915(d)." Wilborn v.
11 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
12 (9th Cir. 2009).

13     The burden of demonstrating exceptional circumstances is on the Plaintiff. See
14 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
15 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F.
16 App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");
17 Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough,
18 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional
19 circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

20     In the present case, the Court does not find the required exceptional
21 circumstances. Plaintiff has not yet stated any cognizable claim and the Court can not
22 make a determination at this stage of the litigation that Plaintiff is likely to succeed on
23 the merits. The underlying Eighth Amendment claims concerning his alleged medical
24 condition do not appear to be novel or unduly complex. The facts alleged to date
25 appear straightforward and unlikely to involve any extensive investigation and
26 discovery.

27     Even if it is assumed that Plaintiff is not well versed in the law and that he has
28 made serious allegations which, if proved, would entitle him to relief, his case is not

1 exceptional. This Court is faced with similar cases almost daily.

2     The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
3 and standards and an ability to express same adequately in writing.

4     Finally, nothing suggests that Plaintiff has made diligent efforts to secure
5 counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure
6 counsel would be futile.

7     For the foregoing reasons, Plaintiff's Motion Requesting Appointment of Counsel
8 (ECF No. 14) is HEREBY DENIED, without prejudice.

14 IT IS SO ORDERED.

15 Dated:   June 11, 2013       /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).