# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>Plaintiff,<br><br>v.<br><br>B. NIX, et al.,<br><br>Defendants. | Case No. 1:12-cv-00392-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE MEDICAL INDIFFERENCE CLAIM IN SECOND AMENDED COMPLAINT AGAINST DEFENDANTS AVERY AND AKANNO, and (2) DISMISSING DEFENDANT PHILPOD**<br><br>**(ECF No. 17)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on March 15, 2012 pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint. (ECF No. 17.)

The Court has screened the second amended complaint and for the reasons set forth below, recommends that it be served on Defendants Akanno and Avery and that Defendant Philpod be dismissed from this action.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68. Plaintiff's factual allegations

are construed in light most favorable to Plaintiff. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

### III.  PLAINTIFF'S ALLEGATIONS

In February 2011, Plaintiff was transferred from California State Prison – Sacramento ("CSPS") to Kern Valley State Prison ("KVSP") where he remains. His initial KVSP housing assignment (upper bunk) failed to accommodate his vision and mobility impairments and failed to honor his CSPS Comprehensive Accommodation Chrono ("CSPS Chrono") dated April 10, 2010 for a permanent lower bunk.[1]

Plaintiff submitted a medical request for a lower bunk and was seen by Defendant Akanno, a medical doctor at KVSP. Plaintiff explained his condition and the CSPS Chrono to Akanno, including his physical difficulties and severe pain getting up and down from an upper bunk. Akanno prescribed Motrin, but refused to honor the CSPS Chrono.

Plaintiff filed a grievance. He complained to Defendant Philpod, a correctional officer at KVSP, about the failure to honor his CSPS Chrono and about his problems getting up and down from his upper bunk. He requested emergency relief. Philpod explained "there were no open lower beds but he'd do what he could." ECF 17 at 6:25-26. Philpod refused Plaintiff's request to speak to Philpod's supervisor, and failed to return a related Form 22 Plaintiff provided for signature.

On April 22, 2011, Plaintiff fell while attempting to get down from his upper bunk. He was transported to the hospital and received stitches for a head laceration. He was returned to his cell, but passed-out while climbing into his bunk. He went back to the hospital for tests. He returned to his cell.

On April 25, 2011, Plaintiff was seen by Defendant Avery, a medical doctor at KVSP. Plaintiff told Avery he was "in excruciating pain and that he couldn't walk, stand or move his right hand and his vision was extremely blurry." (ECF No. 17 at 9:10-13.)

---

[1] The CSPS Chrono for lower bunk is marked "permanent" yet provides for a "6 month" term. (ECF No. 17 at 19.)

3

Avery prescribed pain medication which Plaintiff advised had not been effective in the past. Avery refused to order a lower tier and lower bunk, stating he would not do so without Plaintiff's chart.

On April 27, 2011, Plaintiff was seen by Defendant Akanno, who provided an accommodation order for a permanent lower bunk. Plaintiff immediately told Philpod and demanded to be moved to a lower bunk. Plaintiff did not receive a lower bunk until June 21, 2011.

Plaintiff claims Defendants aforementioned conduct violated his Eighth Amendment rights, causing him physical and mental pain. He seeks a declaration his rights have been violated, monetary damages, and appointment of counsel.

## IV. COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST AKANNO AND AVERY

The facts alleged by Plaintiff are sufficient to suggest a deliberately indifferent response by Defendants Akanno and Avery to Plaintiff's serious medical need for a lower bunk.[2]

### A. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff's allegation of vision impairment (Keritoconus) and mobility impairments (gout and plantar piatus) requiring medication and causing extreme pain in certain

---

[2] Plaintiff claims that Defendants Akanno and Avery acted to "punish" him and were deliberately indifferent to his "conditions of confinement". However, since his claims arise from the provision of health care and allege no facts suggesting retaliatory action, they are analyzed as medical indifference.

circumstances (such as climbing into and out of an upper bunk) is sufficient to show a serious medical condition. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.").

Plaintiff's alleges that: he told Akanno and Avery of the (nominally) permanent CSPS Chrono for a lower bunk and of the difficulties and pain he was having with the upper bunk; that these Defendants then deliberately refused to investigate, renew, modify, or terminate the CSPS Chrono and denied and delayed ordering a lower bunk without medical justification; and that Plaintiff suffered physical and emotional harm as a result. This is sufficient to claim deliberate indifference. The facts as alleged must be taken as true at this stage of the proceedings and as such assert these Defendants were aware of a serious medical risk in housing Plaintiff in an upper bunk and knowingly failed to respond to the risk. Defendants did not demonstrate the exercise of medical judgment. Significantly, on the same facts, Defendant Dr. Akanno ultimately issued Plaintiff a permanent lower bunk order.

The facts alleged are sufficient on screening to suggest Akanno and Avery were deliberately indifferent to Plaintiff's serious medical need for a lower bunk. See e.g., Felix-Torres v. Graham, 687 F.Supp.2d. 38, 64 (N.D.N.Y. 2009) (where there was in place a medical order that an inmate be assigned to a lower bunk, that order was known to the defendants, and the inmate was thereafter assigned to an upper bunk resulting in an injury to the inmate, the evidence suffices to raise a question of fact on the second prong of the claim.").

Plaintiff should be allowed to proceed on his medical indifference claim against Defendants Akanno and Avery.

**V.    NO CLAIM STATED AGAINST DEFENDANT PHILPOD**

The allegations are insufficient to show Philpod knew of and disregarded a

5

substantial risk of serious harm to Plaintiff and that Philpod denied, delayed and interfered with treatment of Plaintiff's medical needs.

### A. Conditions of Confinement

To maintain a claim for inhumane conditions of confinement, Plaintiff must show prison officials knew of and disregarded a substantial risk of serious harm. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir. 2010).

Plaintiff claims he showed Philpod the CSPS Chrono and told him of his underlying medical condition and difficulties with the upper bunk. Philpod responded that no lower beds were available but that he "would do what he could". This is not suggestive of deliberate indifference. Even assuming Philpod was aware of a serious risk of harm from the upper bunk, the facts do no show Philpod intentionally disregarded this risk. The reported lack of available lower bed space constitutes a legitimate penological purpose in denying a lower bunk, not an intentional disregard of Plaintiff's needs. Philpod's statement that he "would do what he could" about finding Plaintiff lower bed space suggests a desire to respond to Plaintiff's need, not indifference.

Likewise, that there was a delay in Plaintiff receiving a lower bunk does not alone suggest Philpod was indifferent. But instead suggests at most inactionable negligence. See Felix-Torres, 687 F.Supp.2d. at 53 (negligently failing to assign a prisoner to a lower bunk is not sufficient to show subjective indifference to a serious medical need).

### B. Medical Indifference

Applying the standard in section IV above, nothing in the second amended complaint suggests Philpod intentionally denied, delayed, or interfered with Plaintiff's medical needs. On the contrary, it appears Philpod afforded Plaintiff ready access to medical staff for screening, evaluation and treatment.

### C. Leave to Amend Denied

Plaintiff was advised in the prior screening orders of the deficiencies in his claims against Philpod. Plaintiff has failed to correct these deficiencies. It is reasonable to

conclude Plaintiff is unable to correct them and thus that further leave to amend would be futile and should be denied.

## VI.     LEGAL CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that Plaintiff's second amended complaint states a cognizable Eighth Amendment medical indifference claim for damages against Defendants Akanno and Avery, but no other claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff should proceed on the second amended complaint Eighth Amendment medical indifference claim seeking damages against Defendants Akanno and Avery;

2. All other claims asserted in the second amended complaint and Defendant Philpod should be dismissed with prejudice;

3. Service should be initiated on the following Defendants:

    **AKANNO**, Medical Doctor at Kern Valley State Prison;

    **AVERY**, Medical Doctor at Kern Valley State Prison;

4. The Clerk of the Court should send Plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint filed August 7, 2013;

5. Within thirty (30) days from the date of adoption of these findings and recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each Defendant listed above; and

    c. Three (3) copies of the endorsed second amended complaint filed August 7, 2013; and

6. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant

1   to Federal Rule of Civil Procedure 4 without payment of costs.

2   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 30, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE