# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. NIX, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00392-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 43)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on a medical indifference claim against Defendants Akanno and Avery.

Before the Court is Plaintiff's June 23, 2014 motion seeking appointment of counsel on grounds he lacks knowledge of the law sufficient to proceed in this matter.

**I.   LEGAL STANDARD**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the*

1

1  *Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances
2  the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).
3  *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and
4  compensating counsel, the Court will seek volunteer counsel only in the most serious and
5  exceptional cases. In determining whether "exceptional circumstances exist, the district
6  court must evaluate both the likelihood of success of the merits [and] the ability of the
7  [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues
8  involved." *Id.* Neither of these factors is dispositive and both must be viewed together
9  before reaching a decision on request of counsel under section 1915(d). *Wilborn v.*
10 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th
11 Cir. 2009).

12     The burden of demonstrating exceptional circumstances is on the Plaintiff. See
13 *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
14 circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x
15 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v.*
16 *Hambly*, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F. App'x
17 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
18 appoint counsel under 28 U.S.C. § 1915(e)(1).").

19 **II.    APPOINTMENT OF COUNSEL DENIED**

20     There are not exceptional circumstances supporting appointment of counsel. The
21 Court cannot make a determination at this stage of the litigation that Plaintiff is likely to
22 succeed on the merits. The claims alleged do not appear to be novel or unduly complex.
23 The facts alleged to date appear straightforward and unlikely to involve any extensive
24 investigation and discovery. Even if it is assumed that Plaintiff is not well versed in the law
25 and that he has made serious allegations which, if proved, would entitle him to relief, his
26 case is not exceptional. This Court is faced with similar cases almost daily.

27     The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
28 and standards relating to his claims and an ability to express same adequately in writing.

The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel. His lack of funds and efforts to date do not demonstrate that further efforts to secure counsel necessarily would be futile.[1]

**III.    ORDER**

For the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 43) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   June 24, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).