1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>            Plaintiff,<br><br>       v.<br><br>B. NIX, et al.,<br><br>            Defendants. | Case No.  1:12-cv-00392-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) GRANT DEFENDANT AVERY'S MOTION TO STRIKE SUR-REPLY (ECF No. 60), AND (2) DENY DEFENDANT AVERY'S MOTION FOR SUMMARY JUDGMENT (ECF No. 49)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.      PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Avery and Akano on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

On September 9, 2014, Defendant Avery moved for summary judgment on the ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 49.) Plaintiff filed an opposition (ECF No. 51), and Defendant filed a reply (ECF No. 54). Plaintiff filed a sur-reply (ECF No. 57), and Defendant moved to strike the sur-reply (ECF No. 60). These matters are deemed submitted.

1   **II.    MOTION TO STRIKE SUR-REPLY**

2       Absent leave of court, no briefing on Defendant's motion is permitted beyond the

3   opposition and reply. The Court did not grant Plaintiff leave to file a sur-reply and does

4   not desire any further briefing on the motion. The sur-reply has not been considered in

5   these findings and recommendations.

6       Accordingly, Defendant's motion to strike Plaintiff's sur-reply (ECF No. 60) should

7   be granted, and Plaintiff's sur-reply (ECF No. 57) should be stricken from the record.

8   **III.   MOTION FOR SUMMARY JUDGMENT**

9       **A.    Legal Standard – Motion for Summary Judgment**

10      A motion for summary judgment is the proper means to raise a prisoner's failure

11  to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.

12  2014). The Court shall grant summary judgment if the movant shows that there is no

13  genuine dispute as to any material fact and the movant is entitled to judgment as a

14  matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207,

15  1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the

16  prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under

17  Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment

18  should be denied, and the Court should decide disputed factual questions relevant to

19  exhaustion "in the same manner a judge rather than a jury decides disputed factual

20  questions relevant to jurisdiction and venue." Id. at 1169-71.

21      Each party's position, whether it be that a fact is disputed or undisputed, must be

22  supported by (1) citing to particular parts of materials in the record, including but not

23  limited to depositions, documents, declarations, or discovery; or (2) showing that the

24  materials cited do not establish the presence or absence of a genuine dispute or that

25  the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ.

26  P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not

27  make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty

28  Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the

light most favorable to the nonmoving party, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011).

**B.    Factual Summary**

**1.    Plaintiff's Claims**

The allegations in Plaintiff's second amended complaint (ECF No. 17) may be summarized, in relevant part, as follows:

On February 10, 2011 Plaintiff was transferred to Kern Valley State Prison ("KVSP"), where the acts giving rise to his complaint occurred. At the time of transfer, he had a Comprehensive Accommodation Chrono for a lower bunk, which was not accommodated in his initial housing assignment.

Plaintiff submitted a medical request for a lower bunk and was seen on February 16, 2011 by Defendant Akano, a medical doctor at KVSP. Defendant Akano prescribed Motrin for Plaintiff's pain but refused to honor the Accommodation Chrono.

On April 22, 2011, Plaintiff fell while attempting to get down from his upper bunk. He was taken to the hospital and received stitches for a head laceration. Upon his return, he passed out while climbing into his bunk. He returned to the hospital and later was returned to his cell.

On April 25, 2011, Plaintiff saw Defendant Avery, who he describes as a medical doctor at KVSP.[1] Plaintiff complained of pain and blurred vision. Defendant Avery prescribed Tylenol and Naproxen, even though Plaintiff advised Avery that these medications were ineffective in the past. Defendant Avery refused to order a lower tier cell and lower bunk without reviewing Plaintiff's chart.

On April 27, 2011, Plaintiff saw Defendant Akano, who ordered a lower bunk. Plaintiff was not moved to a lower bunk until June 21, 2011.  The    Court    screened Plaintiff's complaint and found that he sufficiently alleged an Eighth Amendment claim

---

[1] Defendant Avery states that he is a Physician's Assistant. (ECF No. 60 at 2.)

1  against Defendants Akano and Avery for failure to provide Plaintiff a lower bunk. (ECF

2  Nos. 18 & 19.)

3             **2.  Exhaustion of Administrative Remedies**

4        Based on the submissions of the parties (ECF Nos. 49, 51, & 54), the Court finds

5  the following facts to be undisputed.

6        Plaintiff exhausted six appeals related to the claims presented in his second

7  amended complaint. None of the appeals directly reference Defendant Avery. For

8  purposes of this motion, the Court finds it necessary to discuss only one of the six

9  appeals in detail.

10        Appeal No. KVSP-HC-11029543 was submitted on April 25, 2011. (ECF No. 49-8

11  at 5.) Plaintiff complained that he was seen by Defendant Akano on April 4, 2011, and

12  that Akano was indifferent to Plaintiff's need for a lower bunk and referral to an

13  ophthalmologist. In the first level review, the reviewer noted that Plaintiff was provided

14  the opportunity to expand upon his complaints but offered no further comments. The

15  first level appeal was denied because the relief requested (monetary compensation for

16  his injuries) was outside the scope of the appeal process. (ECF No. 49-8 at 8.) At the

17  second level, Plaintiff reiterated his complaints regarding Defendant Akano's

18  indifference. The second level appeal also was denied, both on the ground that the

19  requested relief was outside the scope of the appeal process and because Plaintiff by

20  that time had been assigned a lower bunk. (ECF No. 49-8 at 9-10.) At the third level,

21  Plaintiff again reiterated his complaints regarding Defendant Akano, and the appeal

22  again was denied on the same grounds. (ECF No. 49-8 at 2-3.)

23        **C.  Parties' Arguments**

24        Defendant Avery argues that Plaintiff failed to exhaust his administrative

25  remedies because none of Plaintiff's exhausted appeals reference Defendant Avery or

26  his alleged conduct. (ECF No. 49-1.)

27

28

1    Plaintiff argues that he discussed Defendant Avery's conduct in interviews
2  relating to his appeals but that this information was omitted from appeal records. (ECF
3  No. 51.)

4    Defendant replies that information conveyed by Plaintiff during interviews is not
5  relevant because, under California regulations, administrative remedies are not
6  exhausted for persons not included in the initial appeal form. (ECF No. 54.)

7    **D.    Discussion**

8        **1.    Legal Standard – Exhaustion**

9    The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought
10  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
11  a prisoner confined in any jail, prison, or other correctional facility until such
12  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
13  Therefore, prisoners are required to exhaust all available administrative remedies prior
14  to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

15    "The primary purpose of a [prisoner's administrative] grievance is to alert the
16  prison to a problem and facilitate its resolution, not to lay groundwork for litigation."
17  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include
18  legal terminology or legal theories unless they are in some way needed to provide
19  notice of the harm being grieved. A grievance also need not contain every fact
20  necessary to prove each element of an eventual legal claim." Id. Instead, the grievance
21  must "alert the prison to the nature of the wrong for which redress is sought," and must
22  give the prison an opportunity "to reach the merits of the issue." Id. at 1119-20. Inmates
23  are not required to "identify responsible parties or otherwise to signal who ultimately
24  may be sued." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549
25  U.S. at 217); Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

26    Defendants have the burden of proving Plaintiff failed to exhaust available
27  administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative
28  defense). A defendant's burden of establishing an inmate's failure to exhaust

5

administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

### 2. Analysis

Plaintiff's Appeal No. KVSP-HC-11029543 informed prison officials of Plaintiff's dissatisfaction with an upper bunk and his claimed medical need for a lower bunk. Thus, it "alert[ed] the prison to the nature of the wrong for which redress is sought," and gave the prison an opportunity "to reach the merits of the issue." See Griffin, 557 F.3d at 1119-20.

That the grievance did not mention Defendant Avery is of no moment. Plaintiff was not required to name the official whose conduct was at issue. Sapp, 623 F.3d at 824; Wilkerson, 772 F.3d at 839. The prison had notice of the harm being grieved. An appeal stating that Defendant Avery also caused the same harm would provide no further notice to the prison regarding deficiencies in Plaintiff's medical care, nor would it have provided the prison a greater opportunity to take corrective action. See Gomez v. Winslow, 177 F. Supp. 2d 977, 982 (N.D. Cal. 2001) (holding Plaintiff was not required to exhaust separate grievances for each instance of inadequate care of ongoing medical condition).

Accordingly, Defendant has not shown that Plaintiff failed to exhaust his administrative remedies and his motion for summary judgment should be denied.

## IV. CONCLUSION AND RECOMMENDATION

The Court finds that Defendant Avery failed to meet his burden of proving that Plaintiff failed to exhaust available administrative remedies. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment (ECF No. 49) be DENIED. The Court FURTHER RECOMMENDS that Defendant's motion to strike Plaintiff's sur-reply (ECF No. 60) be GRANTED, and that the sur-reply (ECF No. 57) be stricken from the record.

1    The findings and recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
3 Within fourteen (14) days after being served with the findings and recommendations,
4 the parties may file written objections with the Court. The document should be
5 captioned "Objections to Magistrate Judge's Findings and Recommendations." A party
6 may respond to another party's objections by filing a response within fourteen (14) days
7 after being served with a copy of that party's objections. The parties are advised that
8 failure to file objections within the specified time may result in the waiver of rights on
9 appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.
10 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11
12 IT IS SO ORDERED.

13    Dated:   March 13, 2015         /s/ Michael J. Seng
14                                   UNITED STATES MAGISTRATE JUDGE
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7