UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>        Plaintiff,<br><br>    v.<br><br>B. NIX, et al.,<br><br>        Defendants. | CASE NO. 1:12-cv-00392-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 68)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Avery and Akano on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

Before the Court is Plaintiff's March 27, 2015 motion for a preliminary injunction. (ECF No. 68.) Defendants filed no opposition.

**II.  LEGAL STANDARD**

A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**III.    ANALYSIS**

Plaintiff seeks to enjoin medical personnel at Kern Valley State Prison from retaliating against him and exhibiting medical indifference to his serious medical needs. Specifically, Plaintiff seeks injunctive relief against Nurse Practitioner Lozovoy, Dr. Chen, LVN Rodriguez, and RN Grewall.

This action proceeds against Defendants Avery and Akano. The individuals against whom Plaintiff seeks relief are not parties to the action and have not submitted to the jurisdiction of this Court. The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Servs., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, Plaintiff's motion should be denied. If

Plaintiff wishes to pursue relief against these individuals, he must do so in a separate action.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunction (ECF No. 68) be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 4, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE