UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>    Plaintiff,<br><br>    v.<br><br>B. NIX, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-00392-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION TO COMPEL (ECF No. 64)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Avery and Akano on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

On June 9, 2014, the Court issued a discovery and scheduling order, setting February 9, 2015 as the discovery cut-off. (ECF No. 42.)

On March 12, 2015, Plaintiff filed a motion to compel answers to his second set of interrogatories. (ECF No. 64.) Defendants filed an opposition. (ECF No. 66.) Plaintiff filed a reply. (ECF No. 69.) The matter is deemed submitted.

**II.    DISCUSSION**

Plaintiff's motion states that he served interrogatories on Defendants on approximately January 1, 2015, and received no response. (ECF No. 64.) He wrote to

defense counsel regarding the interrogatories on February 17, 2015, and again received no response.

Defendants respond that both Plaintiff's interrogatories and his motion to compel are untimely under the discovery and scheduling order. (ECF No. 66.)

In reply, Plaintiff disagrees that his interrogatories were untimely, and states that he acted in good faith. (ECF No. 69.)

The discovery and scheduling order required that all discovery be completed by February 9, 2015. (ECF No. 42.) It also required that parties respond to written discovery requests within forty-five days after the request was first served. The parties were advised to serve discovery requests "sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." In order to meet the February 9, 2015 deadline for the completion of discovery, all discovery requests would need to have been served by December 26, 2014. Here, Plaintiff's interrogatories were served on approximately January 1, 2015. Accordingly, the interrogatories were untimely. Defendants had no obligation to respond.

Additionally, Plaintiff's motion to compel was filed after the discovery cut-off and is, in itself, untimely.

### III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to compel (ECF No. 64) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   May 11, 2015            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE