UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>Plaintiff,<br><br>v.<br><br>B. NIX, et al.,<br><br>Defendants. | Case No. 1:12-cv-00392-LJO-MJS (PC)<br><br>**SUPPLEMENTAL FINDINGS AND RECOMMENDATION TO DENY DEFENDANT AVERY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 49)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Avery and Akano on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

On March 13, 2015, the undersigned issued findings and recommendations to grant Defendant Avery's motion to strike and to deny Defendant Avery's motion for summary judgment. (ECF No. 65.) Defendant Avery objected to the recommendation to deny his motion for summary judgment (ECF No. 67), raising new arguments. Plaintiff filed a reply. (ECF No. 70.) In light of the additional arguments raised by Defendant Avery, the undersigned now issues these supplemental findings and recommendation.

## II.	PLAINTIFF'S CLAIMS

The allegations in Plaintiff's second amended complaint (ECF No. 17) may be summarized, in relevant part, as follows:

On February 10, 2011 Plaintiff was transferred to Kern Valley State Prison ("KVSP"), where the acts giving rise to his complaint occurred. At the time of transfer, he had a Comprehensive Accommodation Chrono for a lower bunk, which was not accommodated in his initial housing assignment at KVSP.

Plaintiff submitted a medical request for a lower bunk and was seen on February 16, 2011 by Defendant Akano, a medical doctor at KVSP. Defendant Akano prescribed Motrin for Plaintiff's pain but refused to honor the Accommodation Chrono.

On April 22, 2011, Plaintiff fell while attempting to get down from his upper bunk. He was taken to the hospital and received stitches for a head laceration. Upon his return, he passed out while climbing into his bunk. He returned to the hospital and later was returned to his cell.

On April 25, 2011, Plaintiff saw Defendant Avery, who he describes as a medical doctor at KVSP.[1] Plaintiff complained of pain and blurred vision. Defendant Avery prescribed Tylenol and Naproxen, even though Plaintiff advised Avery that these medications were ineffective in the past. Defendant Avery did not review Plaintiff's chart. He refused to order a lower tier cell and lower bunk.

On April 27, 2011, Plaintiff saw Defendant Akano, who ordered a lower bunk. Plaintiff was not moved to a lower bunk until June 21, 2011.

The Court screened Plaintiff's complaint and found that he sufficiently alleged an Eighth Amendment claim against Defendants Akano and Avery for failure to provide Plaintiff with a lower bunk. (ECF Nos. 18 & 19.)

---

[1] Defendant Avery states that he is a Physician's Assistant. (ECF No. 60 at 2.)

### III. PRIOR FINDINGS AND RECOMMENDATIONS

In the prior findings and recommendations, the Court concluded that Plaintiff had exhausted administrative remedies against Defendant Avery, even though none of his exhausted appeals directly referenced that Defendant by name.

The Court found it was undisputed that Plaintiff had exhausted six appeals related to the claims presented in his second amended complaint. The Court discussed only one of the six appeals in detail, Appeal No. KVSP-HC-11029543.[2] In this appeal, Plaintiff complained that he was seen by Defendant Akano on April 4, 2011, and that Akano was indifferent to Plaintiff's need for a lower bunk and referral to an ophthalmologist. The appeal was exhausted at the third level of review. (ECF No. 49-8 at 2-3.)

The Court concluded this appeal was sufficient to exhaust Plaintiff's administrative remedies even though it did not mention Defendant Avery because it "alert[ed] the prison to the nature of the wrong for which redress is sought," and gave the prison an opportunity "to reach the merits of the issue." See Griffin v. Arpaio, 557 F.3d 1117, 1119-20 (9th Cir. 2009). Relying on Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 217), and Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), the Court concluded that Plaintiff was not required to name Defendant Avery in his appeal. Accordingly, the Court recommended that Defendant Avery's motion for summary judgment be denied.

### IV. DEFENDANT'S OBJECTIONS

Defendant objected to the recommendation to deny his motion for summary judgment. Defendant argues that the principle articulated in Sapp and Wilkerson, i.e., that there is no "name all Defendants" requirement for administrative exhaustion, is not

---

[2] The Court devoted many hours to attempting to review and substantiate Defendant's factual assertions regarding Plaintiff's other administrative grievances. However, due to the manner in which Defendant presented his evidence (the motion refers to the statement of undisputed facts, which in turn refers to one of several declarations, which in turn refers, often erroneously, to lengthy, non-paginated exhibits attached to the declaration), the Court was unable to meaningfully navigate the documents Defendant offered in support of his argument that Plaintiff failed to exhaust administrative remedies.

3

good law in light of more recent changes to the California Code of Regulations.

## V.     DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The PLRA requires "proper" exhaustion, which entails compliance with applicable procedural rules and deadlines. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

In Jones, the Supreme Court addressed the issue of whether a federal court (there, the Court of Appeals for the Sixth Circuit) could impose a judicially created "name all Defendants" exhaustion requirement under the PLRA in the absence of such a requirement by the prison itself. The Court noted that proper exhaustion is defined "not by the PLRA, but by the prison grievance process itself." 549 U.S. at 218. Thus, it is the prison's requirements that determine the level of detail necessary to properly exhaust. Id. at 219. In reaching this conclusion, the Court "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. However, it also noted that providing early notice to those who might later be sued – the perceived purpose of a "name all Defendants" requirement – is not one of the "leading purposes" of exhaustion. Id.

Prior to 2011, the California Code of Regulations required only that an inmate's grievance "describe the problem and the action requested." Cal. Code Regs. tit. 15, § 3084.2(a) (2009). Thus, like the prison policies at issue in Jones, the regulations contained no "name all Defendants" requirement. Accordingly, and citing Jones, the Court of Appeals for the Ninth Circuit concluded that the regulations did not require

4

inmates to identify potential defendants by name in order to properly exhaust administrative remedies. Sapp, 623 F.3d at 824 (citing Jones, 549 U.S. at 217).

Following Sapp, the California regulations were amended. Effective January 28, 2011, a prisoner's grievance in California must "list all staff member(s) involved and . . . describe their involvement in the issue." Cal. Code Regs. tit.15, § 3084.2(a)(3) (2011). Further, "[a]dministrative remedies shall not be considered exhausted relative to any new . . . person later named by the appellant that was not included in the originally submitted [grievance form] and addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit.15, § 3084.1(b). These are the regulations applicable to Plaintiff's claims. Accordingly, the Court must determine whether Plaintiff exhausted his administrative remedies as to Defendant Avery under these regulations.

On the one hand, there is clear case law stating that the requirements for exhaustion are defined by the applicable prison policies or regulations. Woodford, 548 U.S. at 93; Jones, 549 U.S. 219. Surely, however, this mandate has some rational outer limit. Presumably, a prison system could not, for example, require that prisoners take and pass a loyalty or literacy test, precluding the civil rights claims of those who fail to do so.

While the requirement at issue here is not irrational (as the above two examples arguably are), the undersigned finds that the "name all Defendants" requirement is no more tethered to the primary purposes of exhaustion. To reiterate, those purposes are: "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones, 549 U.S. at 219. Put another way, "[t]he primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

In contrast, in the instant case, the only apparent purpose served by a "name all Defendants" requirement would be to lay the groundwork for litigation. Plaintiff's grievance alerted the prison to his alleged need for a lower bunk and provided an opportunity for the prison to address that complaint. Re-submitting the same complaint with respect to Defendant Avery would not have provided the prison with any greater opportunity to resolve the issue prior to Plaintiff's filing suit. See Gomez v. Winslow, 177 F. Supp. 2d 977, 982 (N.D. Cal. 2001) (holding Plaintiff was not required to exhaust separate grievances for each instance of inadequate care of ongoing medical condition). Indeed, the only apparent effect of applying the "name all Defendants" requirement in this circumstance is to shield a potentially culpable state actor from liability for alleged violations of Plaintiff's Eighth Amendment rights.

These considerations raise substantial questions regarding the viability of California's "name all Defendants" requirement. Perhaps for this reason, District Courts have taken differing views of the new regulations. Compare Blacher v. Johnson, No. 1:12-cv-01159-GSA-PC, 2014 WL 790910, at *4 (E.D. Cal. Feb. 26, 2014) (dismissing action for failure to exhaust under current regulations because defendant was not named in the appeal) with Treglia v. Kernan, No. C 12–2522 LHK (PR), 2013 WL 4427253, at *4 (N.D. Cal. Aug. 15, 2013) (concluding plaintiff was not required to name all defendants in an appeal subject to the current regulations), and Springfield v. Singh, No. 2:12–cv–2552 KJM AC P, 2015 WL 1348141, at *12-13 (findings and recommendations interpreting the current regulations to not require inmates to name all defendants).

Presently, the only binding case law in this Circuit states that prisoners are not required to name all defendants in order to exhaust administrative remedies. Sapp, 623 F.3d at 824; Wilkerson, 772 F.3d at 839. In light of the absence of controlling authority to the contrary, and the tangential relationship between the "name all Defendants" requirement and the purposes of exhaustion, the undersigned declines to apply this requirement to the facts of the instant case.

6

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Defendant Avery''s motion for summary judgment (ECF No. 49) be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d at 839 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 3, 2015                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE