# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH<br><br>            Plaintiff,<br><br>    v.<br><br>B. NIX, *et al*.,<br><br>            Defendants. | 1:12-cv-00392- LJO-MJS<br><br>MEMORANDUM DECISION DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT AVERY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT AVERY'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 49, 65 & 79) |

   Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 17).  The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court screened Plaintiff's second amended complaint and determined that this complaint stated a cognizable Eighth Amendment medical indifference claim against Defendants Akanno and Avery, who are both medical personnel at Kern Valley State Prison ("KVSP").  (Doc. 19).

   Defendant Avery ("Avery) filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.  (Doc. 49).  This matter is now before the Court upon consideration of the Supplemental Findings and Recommendations issued by the Magistrate Judge, in which he recommends that Avery's motion for summary judgement be denied.  (Doc. 79).  Avery has filed objections, Plaintiff has filed a reply, and the matter is ripe for consideration.  (Docs. 80, 81).

    For the reasons set forth below, the Court declines to adopt the Findings and Recommendations and grants Avery's motion for summary judgment.

1

# I. **FACTUAL BACKGROUND**[1]

Based on the submissions of the parties (Docs. 49, 50, 51, 54, & 57), the Court finds that the parties stipulated to the following facts:

On February 10, 2011, Plaintiff arrived at KVSP, where the acts giving rise to his complaint occurred. (Doc. 50, at 2). At that time, he had an accommodations order for a lower bunk, which was not honored in his initial housing assignment at KVSP. (*Id.*).

Plaintiff submitted a medical request for a lower bunk and was seen on February 16, 2011 by Defendant Akanno ("Akanno"), a medical doctor at KVSP. (*Id.*). Akanno prescribed Motrin for Plaintiff's pain but refused to honor the lower-bunk accommodation order. (*Id.*).

On April 22, 2011, Plaintiff fell while attempting to get down from his upper bunk. (*Id.*, at 2-3). He was taken to the hospital and received stitches for a head laceration. (*Id.*, at 3). Upon his return, he lost consciousness while climbing into his bunk. (*Id.*). KVSP officials took Plaintiff back to the hospital to receive treatment and then returned him to his cell. (*Id.*, at 8-9).

On April 25, 2011, Plaintiff saw Avery, whom he described as a doctor at KVSP.[2] (*Id.*). Plaintiff complained of pain and blurred vision, and that he could not walk, stand, or move his right hand. (*Id.*). Avery prescribed Tylenol and Naproxen, even though Plaintiff advised Avery that these medications were ineffective in the past. (*Id.*). Avery refused to accommodate Plaintiff's request for a lower bunk, stating he would not do so without Plaintiff's chart. (*Id.*). Avery moreover refused to issue a temporary order until Plaintiff's chart was retrieved or his condition improved. (*Id.*).

On April 27, 2011, Plaintiff saw Akanno, who then prescribed a permanent accommodative order for a lower bunk. (*Id.*, at 9-10). Plaintiff was not moved to a lower bunk until June 21, 2011. (*Id.*, at 10).

---

[1] Because on summary judgment the evidence of the non-moving party is assumed to be true and disputed facts are construed in the non-movant's favor, the Court sets forth the undisputed facts and notes those disagreements of fact that are relevant to this decision.

[2] Avery states that he is a Physician's Assistant. (Doc. 60, at 2).

Between April 25, 2011, and November 28, 2011, Plaintiff exhausted six appeals in the prison's administrative grievance process concerning his request for a lower bunk and KVSP's failure to accommodate this request. (Doc. 50, at 4-9, 11; Doc. 54, at 2). Four of these appeals, KVSP-HC-11029543, KVSP-HC-1129670, KVSP HC-11029749, and KVSP-HC-1102021, explicitly identified Akanno in the initial California Department of Corrections and Rehabilitation ("CDCR") 602 forms.[3] (Doc. 50, at 4-7). One appeal, KVSP-HC-11032414, did not identify any specific prison staff in the CDCR 602 form, stated that Plaintiff's ADA accommodations were rescinded, and requested that all of his previous accommodative orders and treatments be reinstated. (Doc. 50, at 9-10). Another appeal, KVSP-O-11-00841, referenced an unnamed "facility doctor" in the CDCR 602 form. (Doc. 50, at 11). None of the CDCR 602 forms associated with any of the exhausted appeals explicitly identified Avery. (Doc. 51; Doc. 54, at 2).

Appeal No. KVSP-HC-11029543, in which Plaintiff complained that he received inadequate medical care for injuries sustained to his neck, back, and hand from falling off his bunk and requested an increase in pain medication and to be seen by a specialist, was submitted on April 25, 2011, and was received for review on May 4, 2011. (Doc. 49-8, at 2; Doc. 50, at 4). On May 27, 2011, E. Noriega, a licensed vocational nurse, conducted a first-level interview of Plaintiff regarding this appeal. (Doc. 51, at 6, 8; Doc. 54, at 2). During his interview with E. Noriega, Plaintiff "described all related issues and persons including [Avery]," explained that Avery was "as culpable [as Akanno] when it comes to being deliberately indifferent and subjecting Plaintiff to undue pain and suffering," and expressed his desire for monetary compensation. (Doc. 51, at 8). However, according to the first-level response, Plaintiff was "given an opportunity to expand on the issues of [his] appeal," and he "made no further comments relative to [his] appeal issues," and was "informed that monetary compensation was outside scope of the appeal process." (Doc. 49-8, at 8). The first-level appeal was denied because the relief requested was

---

[3] The Court takes judicial notice of the fact that the CDCR has an administrative grievance process for prisoner complaints. 15 C.C.R. § 3084.1. The process is initiated by submitting a CDCR 602 form. *Id.*, at § 3084.2(a).

outside the scope of the appeal process. (*Id.*). The second-level appeal was also denied, both on the grounds that the requested relief was outside the scope of the appeal process and because Plaintiff had by that time been assigned a lower bunk. (*Id.*, at 9-10.). At the third level, Plaintiff again reiterated his complaints regarding Akanno, and the appeal was denied on the same grounds. (*Id.*, at 2-3.). Plaintiff contends that his mention of Avery during his first-level interview was omitted by later reviewing officials, but does not dispute the initial CDCR 602 form did not explicitly name Avery. (Doc. 51, at 2; Doc. 54, at 2; Doc. 57).

Appeal No. KVSP-O-11-00841 was received for review at the first level on June 21, 2011. (Doc. 50, at 11). The CDCR 602 form initiating this appeal indicates that it was written on April 23, 2011. (Doc. 49-5, at 7). The CDCR 602 form states that Plaintiff forwarded a request to "a facility doctor, a facility [lieutenant], a facility [captain], and an institutional warden," but did not receive a response to the request. (*Id.*). Specifically, Plaintiff stated he was assigned to an upper bunk that was not equipped with apparatus necessary for his safe ascent and descent, and that his request for bunk reassignment was ignored by the mentioned KVSP officials. (*Id.*; Doc. 50, at 12). This appeal went through all three levels, and was denied at the third level on September 15, 2011. (Doc. 50, at 12).

## II. PROCEDURAL HISTORY

Plaintiff's second amended complaint, the operative complaint in this action, alleges that Akanno and Avery denied him adequate medical care with wanton and deliberate indifference in violation of the Eighth Amendment. (Doc. 17).

On September 23, 2013, the Court issued an order finding that Plaintiff had sufficiently alleged an Eighth Amendment claim against Akanno and Avery for failure to provide Plaintiff with a lower bunk. (Doc. 19).

On September 9, 2014, Avery filed a motion for summary judgment, arguing that Plaintiff is barred from pursuing his claim against Avery because he failed to comply with the requirement delineated in the Prison Litigation Reform Act ("PLRA") that administrative remedies be exhausted

before the filing of a complaint in federal court.  (Doc. 49).

On March 13, 2015, the Magistrate Judge issued Findings and Recommendations that Avery's motion for summary judgment be denied.  (Doc. 65).  Avery filed objections on March 27, 2015, raising new arguments.  (Doc. 66).  Plaintiff filed a reply to the objections on April 13, 2015.  (Doc. 69).

On August 4, 2015, after considering the additional arguments raised by Avery, the Magistrate Judge issued Supplemental Findings and Recommendations that Avery's motion for summary judgement be denied.  (Doc. 79).  Avery filed objections on August 18, 2015.  (Doc. 80).  Plaintiff filed a reply to Avery's objections on August 28, 2015.  (Doc. 81).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including the parties' objections and replies, the Court now declines to adopt the Findings and Recommendations issued by the Magistrate Judge on August 4, 2015.  The Court will also grant Avery's motion for summary judgment.

### III. REVIEW OF FINDINGS AND RECOMMENDATIONS

In the first Findings and Recommendations, the Magistrate Judge determined that Avery did not carry his burden in demonstrating that Plaintiff failed to exhaust administrative remedies against Avery, in spite of the fact that none of his exhausted appeals directly referenced Avery by name in their initial complaint forms.  (Doc. 65).  The Magistrate Judge reasoned that Plaintiff had exhausted his administrative remedies because he "alert[ed] the prison to the nature of the wrong for which redress is sought," and gave the prison an opportunity "to reach the merits of the issue."  (*Id.*) (citing *Griffin v. Arpaio*, 557 F.3d 1117, 1119-20 (9th Cir. 2009).  Relying on *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 217 (2007)) and *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014), the Magistrate Judge concluded that Plaintiff was not required to name Avery in the in the initial CDCR 602 forms.  (*Id.*).  Accordingly, the Magistrate Judge recommended that Avery's motion for summary judgment be denied.  (*Id.*).

Avery objected to the Magistrate Judge's recommendations.  (Doc. 67).  Avery noted that on

January 28, 2011, Title 15 of the California Code of Regulations ("C.C.R.") was amended to require that a grieving inmate identify *all* persons, issues, and information in his originally submitted CDCR 602 form in order to properly exhaust his administrative remedies. (Doc. 67) (citing 15 C.C.R. § 3084.1(b) (Jan. 28, 2011)). Moreover, Avery noted that under Ninth Circuit and Supreme Court precedent, the inmate must comply with the procedural exhaustion regulations that existed at the time he filed his grievance in order to comply with the PLRA's exhaustion requirement. (Doc. 67) (citing *Sapp*, 623 F.3d at 824, *Jones*, 549 U.S. at 218, and *Wilkerson*, 772 F.3d at 839). Thus, as Plaintiff did not name Avery in any CDCR 602 form, Avery argued that Plaintiff failed properly to exhaust his administrative remedies against Avery and that the Court should grant his motion for summary judgment. (Doc. 67).

The Supplemental Findings and Recommendations reiterated the recommendation that Avery's Motion be denied. (Doc. 79). While acknowledging that the "name all defendants" regulatory requirement was in place during the relevant time period, and that case law dictates that the PLRA's requirements for exhaustion are defined by the applicable prison regulations, the Magistrate Judge nevertheless found that Plaintiff exhausted his administrative remedies against Avery because his appeal "alerted the prison to his alleged need for a lower bunk and provided an opportunity for the prison to address that complaint." (Doc. 79, at 6). The Magistrate Judge noted that district courts appeared to be interpreting the regulations in different ways, pointing out that the Northern District, in *Treglia v. Kernan*, No. C 12-2522 LHK (PR), 2013 WL 4427253 (N.D. Cal. Aug. 15, 2013), concluded that the plaintiff was not required to name all defendants in an appeal[4], while the Eastern District in *Blacher v. Johnson*, No. 1:12-cv-01159-GSA-PC, 2014 WL 790910 (E.D. Cal. Feb. 26, 2014), dismissed an action for failure to exhaust under the current regulations because the defendant was not named in the appeal. (Doc. 79, at 6). Moreover, the Magistrate Judge found that the relationship between the "name all

---

[4] The facts underlying *Treglia* occurred from July 2011 to September 2011, after the January 28, 2011 amendments to Title 15 of the C.C.R. went into effect. *Treglia*, 2013 WL 4427253, at *1. However, in reaching its ruling, the court in *Treglia* cited and relied on a previous version of the C.C.R. that did not explicitly require the inmate to list all involved staff members. *See id.*, at *4 ("In California, the regulation requires the prisoner to 'lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'").

6

defendants" requirement and the primary purpose of exhaustion is "tangential," noted that the only binding case law in the Ninth Circuit states that prisoners are not required to name all defendants properly to exhaust administrative remedies, and indicated that "there is no controlling authority to the contrary." (Doc. 79, at 6). For these reasons, the Magistrate Judge did not apply the "name all defendants" requirement in the instant case. (*Id.*).

The Court declines to adopt the Magistrate Judge's recommendations. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title … until such administrative remedies as available are exhausted." 42 U.S.C. § 1997(e)(a). In order "to properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (citing *Woodford*, 548 U.S. at 88). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*; *see also Wilkerson*, 772 F.3d at 839 ("The scope of [the PLRA's exhaustion requirement] depends on the scope of administrative remedies that the state provides."). Here, the controlling regulations at all relevant times in this case were 15 C.C.R. § 3084.1(b) (2011), which reads, in pertinent part, "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted [CDCR 602 form]." Moreover, the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue [in the CDCR 602 form]…If the inmate does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." 15 C.C.R. § 3084.2(a)(3).

Because compliance with the PLRA's exhaustion requirement hinges upon compliance with the California regulations, this Court is bound to apply the "name all defendants" requirement. *Jones*, 549 U.S. at 218; *Wilkerson*, 772 F.3d at 839; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because

no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Here, the application of the C.C.R. is obvious; the regulations clearly and unambiguously required that Plaintiff list all staff members involved in the conduct/issue of which he complained in order to properly exhaust administrative remedies with regard to that conduct/issue. 15 C.C.R. §§ 3084.1(b), 3084.2(a)(3). It is undisputed that Plaintiff did not name Avery in any of the CDCR 602 forms associated with his six exhausted appeals. (Doc. 79). Therefore, because Plaintiff did not name Avery in any of the CDCR 602 forms, the Court finds that he failed to exhaust his administrative remedies concerning Avery's alleged involvement in KVSP's response to addressing his request for a lower bunk.

Consequently, the Court disagrees with the Magistrate Judge's reasoning that the "name all defendants" regulatory requirement is disconnected from the primary purpose of exhaustion, "alert[ing] the prison to a problem and facilitate[ing] its resolution." (*Id.*, at 5) (citing *Griffin*, 557 F.3d at 1120). The Magistrate Judge emphasized that "the only apparent purpose served by a 'name all defendants' requirement would be to lay the groundwork for litigation," and that "naming Defendant Avery would not have provided the prison with any greater opportunity to resolve the issue prior to Plaintiff filing suit." (*Id.*, at 6). Here, the Court notes that *Woodford* highlighted that proper exhaustion not only gives prisons the opportunity to correct their errors, but also provides prisoners "an effective incentive to make full use of the prison grievance process." *Id.*, at 94. In light of this dual purpose of exhaustion, the Court is not persuaded that Plaintiff's complaints were sufficient to satisfy the requirement for proper exhaustion under the PLRA. Plaintiff filed six appeals using KVSP's administrative complaint process about his need for a lower bunk, none of which mentioned Avery by name.[5] As such, Plaintiff did not provide the requisite level of detail in his appeals, and it is not clear that KVSP had a "full and fair

---

[5] The Court is mindful that in the CDCR 602 form associated with Appeal No. KVSP-O-11-00841, Plaintiff referenced an unnamed "facility doctor." (Doc. 50, at 11). However, because the CDCR 602 form indicates that it was written on April 23, 2011, and Plaintiff did not encounter Avery until April 25, 2011, the Court finds that the unnamed "facility doctor" cannot refer to Avery.

8

opportunity to adjudicate [his] claim" with regard to Avery. *See Woodford*, 548 F.3d at 90. "The prison grievance system [does] not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id*., at 95. While the information set forth by Plaintiff in his CDCR 602 forms may have been sufficient to put KVSP on notice about his need for a lower bunk, this information may not have been sufficient to put KVSP on notice of Avery's alleged involvement in this issue.

In the Supplemental Findings and Recommendations, the Magistrate Judge relied upon two Ninth Circuit cases—*Sapp*, 623 F.3d at 824, and *Wilkerson*, 772 F.3d at 839—for the proposition that "a grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and therefore found that that these cases supported the finding that Plaintiff did not need to identify Avery to exhaust his administrative remedies against Avery. However, *Sapp* and *Wilkerson* are distinguishable because both of these cases discussed and relied upon the absence of additional specificity requirements in the previous version of the C.C.R., which merely required that the inmate "describe the problem and the action requested." To the extent that *Sapp* and *Wilkerson* imply that exhaustion under the PLRA merely requires that a grievance put the prison on notice as to the nature of the alleged injury, they do not control this case. In other words, because *Sapp* and *Wilkerson* did not address the C.C.R. as it existed at the time of the incidents complained of in Plaintiff's situation, and because Plaintiff must have complied with the C.C.R. to properly exhaust his remedies, *Sapp* and *Wilkerson* do not compel the Court to find that Plaintiff's appeals regarding KVSP's refusal to honor his request for a lower bunk exhausted his claim against Avery.[6]

The Court now turns to the arguments raised in Plaintiff's reply to Avery's objections, that he adequately followed the grievance process as the PLRA instructs, notwithstanding his failure to name Avery in his initial CDCR 602 forms. (Doc. 81). First, Plaintiff alleged that during the initial interview at the first level of the appeal process, he mentioned Avery's identity to the prison's reviewing official.

---

[6] For similar reasons, the Court also finds that the holding in *Jones* is of limited applicability in this case, as *Jones* was decided in a context where the relevant prison regulations did not have analogous specificity requirements. *See* 549 U.S. at 217-19.

9

(*Id.*, at 2). Citing 15 C.C.R. § 3084.7(e), Plaintiff posited that information submitted during the interview at the first level of the appeals process "bears the same degree of consideration and scrutiny as contentions submitted on written form." (*Id.*). This argument is unavailing. C.C.R. § 3084.7(e) merely states that "[a]t least one face-to-face interview shall be conducted with the appellant at the first level of review, or the second level if the first level of review is bypassed," and then lists various exceptions to this interview requirement. It in no way supports Plaintiff's argument that information conveyed during the interview is equivalent to the information submitted on the CDCR 602 form. Moreover, Plaintiff's identification of Avery at a stage in the appeal process after the filing of the initial CDCR 602 form is not sufficient to exhaust his administrative remedies with regard to Avery. A prisoner does not exhaust administrative remedies when he includes new issues or persons from one level of review to another. 15 C.C.R. § 3084.1; *see also Sapp*, 623 F.3d at 825 (concluding that it was proper for prison officials to "decline[] to consider a complaint about a [prisoner's] eye condition that he raised for the first time in a second-level appeal about medical care for a skin condition.").

Plaintiff additionally argued that the 2011 amendments to the California regulations were "not made known" at any time during the filing of the six exhausted appeals, nor were they enforced by the interviewing staff at the introduction of Avery's identity. (*Id.*, at 4). Plaintiff's ignorance of these regulations, however, does not excuse his failure to comply with the regulations. *See Pincay v. Andrews,* 351 F.3d 947, 951 (9th Cir. 2003) ("No axiom is more familiar than 'Ignorance of the law is no excuse.'"). In this case, there is no reason to disturb the general principle that ignorance of the law will not excuse compliance with that law.

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Avery. Accordingly, the Court declines to adopt the Supplemental Findings and Recommendations issued by the Magistrate Judge on August 4, 2015.

### IV. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to

10

any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 47 U.S. 317, 322-23 (1986). The evidence must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When a defendant moves for summary judgment on an affirmative defense for which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The "failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove in a PLRA case." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (citing *Jones*, 549 U.S. at 212); *see also Williams v. Paramo*, 775 F.3d 1182, 1190-91 (9th Cir. 2015). Specifically, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If defendant carries that burden, the prisoner has the burden of production. "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "However . . . the ultimate burden of proof remains with the defendant." *Id.*

In this case, the Court determined that Plaintiff's failure to name Avery in his CDCR 602 forms amounted to the failure to exhaust his administrative remedies with respect to Avery. As such, the Court must necessarily find that Avery has carried his initial burden in the motion for summary judgment. *Albino*, 747 F.3d at 1170-71. Thus, the burden has now shifted to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*, at 1172 (citing *Hilao v. Estate of*

11

*Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  Applying this standard to the facts and procedural posture of this case, Plaintiff must demonstrate that naming Avery in his initial CDCR 602 forms would have been "ineffective, unobtainable . . . inadequate, or obviously futile."  *See id.*

Upon review of the record in light of the applicable law and regulations, the Court finds that Plaintiff cannot meet this burden.  As discussed above, in order to comply with the PLRA's exhaustion requirements, inmates are required to list all staff members allegedly involved in the challenged matter and to describe their respective involvement on the CDCR 602 form.  15 C.C.R. § 3087.2(a)(3); *see also Woodford*, 548 U.S. at 95.  "If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question."  *Id.*  Finally, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the [CDCR 602 form]."  *Id.*, § 3084.2(a)(4).  Here, the Court notes that although federal courts in the Eastern District applying these regulations have not mandated an absolute adherence to the "name all defendants" requirement, they have required that an inmate filing a complaint be as specific as possible regarding the issue(s) and involved staff member(s) in order to properly exhaust his administrative remedies.[7]  *See, e.g.*, *Catanzarite v. Pierce*, No. 1:12-cv-01502-LJO-SAB (PC), 2015 WL 3774285 (E.D. Cal. June 16, 2015), *adopted by Catanzarite v. Pierce*, No. 1:12-cv-01502-LJO-SAB (PC), 2015 WL 4756094 (E.D. Cal. Aug. 11, 2015) (conducting a defendant-by-defendant analysis and finding that the plaintiff exhausted his grievance with regard to two defendants

---

[7] The Court is mindful, however, that the Northern District has consistently applied "name all defendants" requirement.  *See, e.g., Parks v. Chappell*, No. C-13-4048 EMC (pr), 2015 WL 3466280, *5 (N.D. Cal. June 1 2015) (granting summary judgment for failure to exhaust where the plaintiff failed to provide known information about the involvement of the defendant in his initial CDCR Form 602); *Martinez v. Swift*, No. C 13-3973 RS (PR), 2015 WL 1349525, *2 (N.D. Cal. Mar. 25, 2015) (finding that a grievance did not satisfy the exhaustion requirement where it did not mention the defendant or describe with any specificity his actions or words, but merely referred to "an unnamed gang investigator"); *Panah v. State of Cal. Dep't of Corr. and Rehabilitation*, No. 14-cv-00166-BLF, 2015 WL 1263494, *9-10 (N.D. Cal. Mar. 19, 2015) (granting summary judgment on behalf of the warden, because the plaintiff's CDCR form 602 did not name the warden or describe the basis for his liability); *but see Parrish v. Solis*, No. 11-cv-01438-LHK, 2014 WL 5866935, *13 (N.D. Cal. Nov. 11, 2014) (noting that "California's regulations only require that a prisoner's grievance provide the names of those involved to the extent they are known" and denying defendants' motion for summary judgment where plaintiff provided sufficient information for a prison official "to make a reasonable attempt to identify any other staff members involved").

where he provided sufficient specific information for a reviewing official to identify these two defendants, but granting summary judgment with respect to the remaining defendants); *Nunez v. Porter*, No. 2:12-cv-2775 JAM-KJN P, 2015 WL 2345391 (E.D. Cal. May 14, 2015), adopted by *Nunez v. Porter*, No. 2:12-cv-2775 JAM KJN P, 2015 WL 4132192 (E.D. Cal. July 9, 2015) (finding that a plaintiff's "passing reference to 'decision makers (friends)' of defendant Porter failed to satisfy the requirements of [15 C.C.R. § 3084.2(a)(3)]" because "the information called for by the regulation was readily available to plaintiff"); *Jones v. McElroy*, No. 2:13-cv-1375 CKD P, 2015 WL 410928, *8 (E.D. Cal. Jan. 30, 2015), adopted by *Jones v. McElroy*, No. 2-13-cv-1375 GEB CKD P, 2015 WL 1014653 (E.D. Cal. Mar. 5, 2015) (denying defendants' motion for summary judgment where plaintiff "described the incident in as much detail as he could observe or recall," and "provided all available information to aid in the identification of involved staff members, per prison regulations").

Because Plaintiff nevertheless failed to comply with the remaining regulations that might have excused his failure to name Avery, the Court finds that Plaintiff cannot meet his burden of demonstrating that naming Avery would have been impossible, ineffective, or futile. This finding is supported by the Court's independent review of the chronology of events in this case, which unequivocally shows that Plaintiff failed to provide sufficient information in any of his CDCR 602 forms to aid in the identification of Avery as required by the regulations. Plaintiff's only encounter with Avery occurred on April 25, 2011. (Doc. 17, at 9). He filed his six exhausted appeals between April 25, 2011 and November 28, 2011. (Doc. 49-1, at 7-10; Doc. 50, at 4-9, 11). At the time he filed each appeal, he was required to "state all facts known and available to him . . . regarding the issue being appealed at the time." 15 C.C.R. § 3084.2(a)(4). With regard to five of these six appeals, because his encounter with Avery occurred before he filed any of these appeals, Avery's identity was known and available to Plaintiff at the time he filed his appeals, and Plaintiff had the opportunity to identify Avery in the appeals as a staff member allegedly involved in the failure of KVSP to accommodate his request

for a lower bunk.[8] Indeed, none of Plaintiff's six CDCR 602 forms provide enough information to link Avery to his complaints about KVSP's failure to honor his request for a lower bunk. Thus, Plaintiff's failure to follow 15 C.C.R. § 3084.2(a)(4) demonstrates that he cannot satisfy his burden of showing that administrative remedies were unavailable, ineffective, or futile. *See Albino*, 747 F.3d at 1172.

Accordingly, as Plaintiff has not met his burden, the Court concludes that Avery is entitled to judgment as a matter of law on the affirmative defense that Plaintiff failed to exhaust administrative remedies on the Eighth Amendment medical indifference claim. The Court will therefore grant Avery's motion for summary judgment.

## V. CONCLUSION AND ORDERS

The Court hereby orders that:

1. The Court declines to adopt the Findings and Recommendations entered by the Magistrate Judge on August 4, 2015;

2. Defendant Avery's motion for summary judgment for failure to exhaust administrative remedies, filed on September 9, 2014, is granted

IT IS SO ORDERED.

Dated: **September 14, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[8] Because the CDCR 602 form associated with Appeal No. KVSP-O-11-00841 indicates that it was written on April 23, 2011, and Plaintiff did not encounter Avery until April 25, 2011, the Court finds that this appeal could not have been intended to address the allegations against Avery in the second amended complaint, which are confined to the events that occurred on April 25, 2011.

14