UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>            Plaintiff,<br><br>     v.<br><br>B. NIX, et al.,<br><br>            Defendants. | Case No. 1:12-cv-00392-LJO-MJS (PC)<br><br>**ORDER DENYING**<br><br>**(1) PLAINTIFF'S MOTION FOR 45-DAY EXTENSION OF TIME (ECF NO. 85);**<br><br>**AND**<br><br>**(2) PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 86)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On October 13, 2015, the undersigned set this case for a settlement conference on November 4, 2015, before the Honorable Jennifer L. Thurston. (ECF No. 84.) Plaintiff was directed by the October 13, 2015, Order to submit a settlement demand to Defendant at least 21 days before the settlement conference. Plaintiff was also directed to submit a confidential settlement statement to Judge Thurston by October 28, 2015.

Now pending before the undersigned are two motions filed by Plaintiff. The first is a request for a 45-day extension of time to respond to the Court's October 13, 2015, Order. The second is a motion to appoint counsel. Defendant has not submitted a response to either motion. For the reasons set forth below, both motions will be denied.

### A.     Plaintiff's Motion for Extension of Time

On October 21, 2015, Plaintiff filed a motion for a 45-day extension of time to respond to the Court's October 13, 2015, Order. Plaintiff seeks an extension because he was unable to comply with the deadlines set forth in the Order, specifically, the deadline by which he was to submit a settlement demand to Defendant. Plaintiff asserts that he received the Order by general mail and not legal mail, rendering it too late for him to submit a timely settlement demand. Plaintiff has, however, filed a timely confidential settlement statement to Judge Thurston. Plaintiff's inability, then, to comply with the Court's Order that he submit a settlement demand is excused, and this motion will be denied.

### B.     Plaintiff's Motion for Appointment of Counsel

The Court turns next to Plaintiff's motion for appointment of counsel to represent him at the settlement conference and trial, should one become necessary. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that

he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the docket in this case reveals that Plaintiff is able to file necessary motions, respond appropriately to Defendants' motions, and articulate his claims with proper legal and evidentiary support. Therefore, the Court concludes that Plaintiff can adequately articulate his claims and defend himself.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for 45-day extension of time (ECF No. 85) is DENIED; and
2. Plaintiff's motion to appoint counsel (ECF No. 86) is DENIED.

IT IS SO ORDERED.

Dated:   October 30, 2015         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE