1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COLIN M. RANDOLPH,

           Plaintiff,

    v.

B. NIX, et al.,

           Defendants.

CASE NO. 1:12-cv-00392-LJO-MJS (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

**(ECF Nos. 73, 74)**

**FOURTEEN (14) DAY OBJECTION DEADLINE**

I.      **PROCEDURAL HISTORY**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Akano on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

      On May 18, 2015, Plaintiff filed a motion for leave to file a supplemental complaint (ECF No. 73) along with documents in support thereof (ECF No. 74), including a "first supplemental complaint" (ECF No. 75). Defendant filed no opposition. The matter is deemed submitted pursuant to Local Rule 230(*l*).

## II.    LEGAL STANDARD

The decision to grant or deny leave to amend pleadings is within the trial court's discretion. <u>Swanson v. U.S. Forest Serv.</u>, 87 F.3d 339, 343 (9th Cir. 1996); <u>United States v. Cnty. of San Diego</u>, 53 F.3d 965, 969 n.6 (9th Cir. 1995).

A party seeking leave to amend pleadings must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001) (quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." <u>Lockman Found. v. Evangelical Alliance Mission</u>, 930 F.2d 764, 772 (9th Cir. 1991) (quoting <u>Forman</u>, 371 U.S. at 182). These factors are not to be given equal weight. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. <u>Id.</u> "Absent prejudice, or a strong showing of any of the remaining <u>Forman</u> factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." <u>Id.</u>

## III.    PLEADING HISTORY

Plaintiff initiated this action on March 15, 2012 with the filing of his complaint. (ECF No. 1.) The Court screened Plaintiff's complaint, found that it failed to state a claim, and dismissed it with leave to amend. (ECF No. 12.) Plaintiff filed a first amended complaint (ECF No. 13), which contained some cognizable claims (<u>see</u> ECF No. 16). Plaintiff was ordered to file a second amended complaint or to notify the Court of his willingness to proceed only on the claims found to be cognizable. (ECF No. 16.) Plaintiff

1   filed his second amended complaint on August 7, 2013. (ECF No. 17.) The second

2   amended complaint is the operative pleading in this action.

3       **A.      Second Amended Complaint**

4       The relevant allegations in Plaintiff's second amended complaint (ECF No. 17)

5   may be summarized, in relevant part, as follows:

6       On February 10, 2011 Plaintiff was transferred to Kern Valley State Prison

7   ("KVSP"), where the acts giving rise to his complaint occurred. At the time of transfer, he

8   had a Comprehensive Accommodation Chrono for a lower bunk. It for was not

9   accommodated in his initial housing assignment.

10      Plaintiff submitted a medical request for a lower bunk and was seen on February

11  16, 2011 by Defendant Akano, a medical doctor at KVSP. Defendant Akano prescribed

12  Motrin for Plaintiff's pain but refused to honor the Accommodation Chrono.

13      On April 22, 2011, Plaintiff fell while attempting to get down from his upper bunk.

14  He was taken to the hospital and received stitches for a head laceration. Upon his

15  return, he passed out while climbing into his bunk. He returned to the hospital and later

16  was returned to his cell.

17      On April 27, 2011, Plaintiff saw Defendant Akano, who ordered a lower bunk.

18  Plaintiff was not moved to a lower bunk until June 21, 2011.

19      The Court screened Plaintiff's complaint and found that he sufficiently alleged an

20  Eighth Amendment claim against Defendant Akano failure to provide Plaintiff with a

21  lower bunk.[1] (ECF Nos. 18 & 19.)

22      **B.      Proposed Complaint**

23      Plaintiff's proposed supplemental complaint names the following Defendants, all

24  employed at KVSP: (1) Sergeant Gladden, (2) James, L.V.N., (3) Grewal, R.N., (4)

25  Lozovoy, N.P., (5) Dr. Spaeth, (6) Dr. Chen, (7) Correctional Counselor E. Borrero, and

26  (8) Health Care Appeals Coordinator J. Todd.

27
28
[1] The Court also found Plaintiff stated a cognizable failure to protect claim against Defendant Avery. (ECF Nos. 18 and 19.) Defendant Avery later was dismissed based on Plaintiff's failure to exhaust administrative remedies against him. (ECF No. 82.)

Plaintiff alleges that Sergeant Gladden retaliated against Plaintiff, and encouraged others to retaliate against Plaintiff, for filing grievances in relation to the conduct alleged in this action. Plaintiff's more specific allegations may be summarized essentially as follows:

On October 8, 2011, Plaintiff was transferred to an ASU cell and assigned an upper bunk. On October 9, 2011, Plaintiff advised Defendant Gladden that he was incorrectly assigned to an upper bunk, and showed Gladden his chrono for a lower bunk. He informed Gladden of his medical issues and described his April 22, 2011 fall from an upper bunk.

Gladden ordered Plaintiff's cell mate to relinquish the lower bunk to Plaintiff. When the cell mate refused, Gladden stood by waiting for Plaintiff and his cell mate to fight. Instead, Plaintiff reluctantly took the upper bunk, but then fell from it.

Plaintiff alerted Gladden to his fall; she laughed and did not provide him medical attention. Gladden stated that she knew about Plaintiff's prior fall and history of filing grievances, and stated that Plaintiff would not have his grievances heard in ASU.

Later that day, Plaintiff told Defendant L.V.N. James about his lower bunk chrono and need for medical attention but she refused to provide him emergency medical attention.

On October 10, 2011, Plaintiff submitted a request for emergency medical care and was seen by Defendant Grewal. Plaintiff explained his medical history, fall, and lower bunk chrono. Grewal provided pain medication.

Plaintiff submitted multiple grievances but they were screened out or simply vanished.

Approximately two weeks later, Plaintiff was moved to a cell where he was the sole occupant. Plaintiff immediately was seen by Defendant Lozovoy, who discontinued Plaintiff's medication and accommodations, including the lower bed assignment, with the approval of Defendant Spaeth. Plaintiff suffered a gout flare-up, which was treated by Defendant Chen.

Plaintiff appealed the discontinuation of his treatment. He was interviewed on the appeal by Defendant Chen. Chen denied the appeal on December 19, 2011. On January 13, 2012, Chen claimed to have seen Plaintiff exercising and also wrote Plaintiff a Rules Violation Report for bribery/manipulation of staff.

In 2012, Defendant Borrero reviewed some of Plaintiff's administrative appeals at the second level of review, made findings adverse to Plaintiff, and recorded false and fabricated information. Defendant Todd gave Borrero false information in relation to Plaintiff's appeals.

## IV.   ANALYSIS

As an initial matter, Plaintiff's proposed supplemental complaint is procedurally defective. Federal Rule of Civil Procedure 15(d) permits the filing of a supplemental complaint "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, the conduct at issue in the supplemental complaint occurred in 2011 and 2012. However, the pleading to be supplemented – Plaintiff's second amended complaint – was filed on August 7, 2013. Plaintiff does not explain why these claims could not have been brought in the second amended complaint. Regardless, however, the additions sought by Plaintiff must be brought by way of amendment, not supplementation.

However, the proposed complaint also cannot properly be considered an amended complaint. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Here, the proposed complaint is not complete in itself. The proposed allegations span several documents: Plaintiff's motion (ECF No. 73), a memorandum of points and authorities (ECF No. 74), and a lodged form complaint (ECF No. 75). The documents

1   also contain no reference to Plaintiff's claims against Dr. Akano or the relevant facts

2   underlying this action. Permitting these documents to be filed as an amended complaint

3   would eliminate the claims on which Plaintiff heretofore has proceeded, a result Plaintiff

4   presumably does not intend.

5       Lastly, even if properly presented, the claims Plaintiff proposes to incorporate are

6   not properly joined in this action. "Persons . . . may be joined in one action as

7   defendants if . . . any right to relief is asserted against them jointly, severally, or in the

8   alternative with respect to or arising out of the same transaction, occurrence, or series of

9   transactions or occurrences . . . ." Fed. R. Civ. P. 20(a)(2)). Thus, "Claim A against

10  Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

11  claims against different defendants belong in different suits, not only to prevent the sort

12  of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that

13  prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the

14  number of frivolous suits or appeals that any prisoner may file without prepayment of the

15  required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C.

16  § 1915(g)).

17      Here, the proposed additional claims do not arise out of the same transaction or

18  occurrence as the claims against Defendant Akano. Although the proposed claims, like

19  the original claims, relate to Plaintiff's need for a lower bunk, they occurred later in time

20  and are based on different alleged acts of retaliation. These claims are not properly

21  joined in this action. Accordingly, leave to amend to add these claims would be futile and

22  should be denied.

23  **V.    CONCLUSION**

24      Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's

25  motions for leave to file an amended complaint (ECF Nos. 73, 74) be denied.

26      The findings and recommendations will be submitted to the United States District

27  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

28  Within fourteen (14) days after being served with the findings and recommendations, the

parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 1, 2016        /s/ Michael J. Seng
                                 UNITED STATES MAGISTRATE JUDGE

7