1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    COLIN M. RANDOLPH,                CASE NO. 1:12-cv-00392-LJO-MJS (PC)

10                      Plaintiff,     **ORDER GRANTING MOTION FOR THE**
                                       **ATTENDANCE OF INCARCERATED**
11        v.                           **WITNESS AT TRIAL**

12   B. NIX, et al.,                   **(ECF No. 112)**

13                      Defendants.

14

15

16   **I.      PROCEDURAL HISTORY**

17          Plaintiff Colin M. Randolph, a state prisoner proceeding in forma pauperis, filed

18   this this civil rights action pursuant to 42 U.S.C. § 1983 on March 15, 2012. On February

19   17, 2016, counsel was appointed to represent Plaintiff. (ECF No. 99.) The action

20   proceeds on Plaintiff's second amended complaint against Defendant J. Akanno for

21   violating Plaintiff's right to adequate medical care under the Eighth Amendment of the

22   United States Constitution. The events at issue occurred at Kern Valley State Prison in

23   Delano, California, and arise out of Defendant Akanno's alleged delay in providing

24   Plaintiff with a lower bunk as an accommodation for his vision and mobility impairments.

25   Trial is set for August 23, 2016 before U.S. District Judge Lawrence J. O'Neill.

26          Before the Court is Plaintiff's motion for the attendance of an incarcerated witness

27   at trial. (ECF No. 112.) Defendant filed a response (ECF No. 116), and Plaintiff filed a

28   reply (ECF No. 119). The matter is submitted.

1    **II.    ARGUMENTS**

2    Plaintiff seeks to secure the attendance of Dupriest Jermaine Green, CDCR

3    Number T-12804. Green allegedly was Plaintiff's cell mate during the time Plaintiff was

4    under Defendant's care. He witnessed Plaintiff's fall from an upper bunk, injuries

5    stemming therefrom, and the effect of those injuries on Plaintiff's life. Green previously

6    provided a declaration regarding Plaintiff's fall and injuries; however, he has not been

7    contacted regarding his willingness to provide testimony at trial. He is the only

8    eyewitness to Plaintiff's injury.

9    Defendant does not object to Green's testimony but asks that Green testify

10   through videoconference from Kern Valley State Prison. Defendant points out that Green

11   is serving a sentence of life with the possibility of parole for the offenses of robbery and

12   assault with a semi-automatic weapon. He has incurred eight disciplinary violations in

13   the past five years resulting in loss of credits. Furthermore, permitting Green to testify

14   through videoconference would alleviate the costs of transporting him to trial.

15   Plaintiff responds that Green should be permitted to testify in-person at trial, and

16   the benefits of doing so greatly outweigh security risks and costs. He points out that

17   Defendant has not shown that Green's disciplinary proceedings involved acts of

18   violence. Moreover, Green's convictions are more than fifteen years old and the costs of

19   transporting him to Fresno for trial are relatively low.

20   **III.    LEGAL STANDARD**

21   The Court considers the following factors in determining whether an inmate

22   should be permitted to attend trial in person:

23       (1) whether the prisoner's presence will substantially further
24   the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's
25   transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to
26   the cause asserted.[1]

27   <u>Wiggins v. Alameda Cnty.</u>, 717 F.2d 466, 468 n.1 (9th Cir.1983) (citation omitted).

28   _____

[1] The Court has no information regarding Mr. Green's release date and thus this factor is not considered.

**IV.   DISCUSSION**

Here, as to the first factor, there is no dispute that Green's testimony is relevant to this case.

As to the second factor, security risks are inherent in the presence of any prisoner in Court. The Court notes that violent offenders present in Court on a regular basis, and regularly do so without incident. The question, then, is whether Mr. Green presents a heightened security risk beyond the mere fact that he is a prisoner. <u>Foster v. Enenmoh</u>, No. 1:08-cv-01849-LJO-SKO-PC, 2013 WL 6799177 at *2 (E.D. Cal. December 20, 2013). Mr. Green's conviction is more than fifteen years old and the nature of his disciplinary offenses is unknown. The Court does not find sufficient basis to conclude that Mr. Green presents such an excessive risk as to require deviation from the norm of in-person testimony. <u>See</u> <u>id.</u>

Finally, Mr. Green is incarcerated at a prison "close enough to the courthouse that [his] transportation would present no exceptional issues from a cost standpoint." <u>Id.</u>

In-person witness testimony is the rule and creating an exception to that rule may only be permitted (1) for good cause, (2) in compelling circumstances, and (3) with appropriate safeguards. Fed. R. Civ. P. 43(a). For the reasons stated above, the Court does not find compelling circumstances weigh in favor of deviating from Rule 43

**V.   CONCLUSION AND ORDER**

Plaintiff's motion for the attendance of incarcerated witness is HEREBY GRANTED. At the appropriate time, the Court will issue a writ of habeas corpus ad testificandum directing the production of Dupriest Jermaine Green, # T-12804, for trial.

IT IS SO ORDERED.

Dated:   <u>June 6, 2016</u>          _/s/ Michael J. Seng_

UNITED STATES MAGISTRATE JUDGE