# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>         Plaintiff,<br><br>   v.<br><br>J. AKANNO,<br><br>         Defendant. | Case No. 1:12-CV-00392-LJO-MJS<br><br>ORDER ON THE PARTIES' MOTIONS IN LIMINE AND FACTS FOR TRIAL<br><br>(ECF Nos. 132-135, 139, 141-142) |

Plaintiff Colin M. Randolph, a state prisoner proceeding *in forma pauperis*, brings the instant civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). The action proceeds on Plaintiff's second amended complaint, which alleges that Defendant J. Akanno violated Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution. The events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California, and arise out of Defendant's alleged denial of a lower bunk and soft shoes as accommodations for Plaintiff's vision and mobility impairments, which Plaintiff claims caused him to fall from an upper bunk. Pending before the Court are (1) the parties' motions *in limine* (ECF Nos. 132, 134, 139); and (2) the parties' briefing regarding the "undisputed facts" for trial. The Court deems these matters appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). For the reasons explained below,

the Court decides the motions *in limine* and the parties' dispute about the statement of facts for trial as follows.

## LEGAL STANDARD

A party may use a motion *in limine* as a procedural mechanism to exclude inadmissible or prejudicial testimony or evidence in a particular area before it is introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984); *see also United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions allow parties to resolve evidentiary disputes before trial and avoid potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003). Pretrial motions such as motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986); *accord Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436,440 (7th Cir. 1997) ("[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").

Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g., Brown v. Kavanaugh*, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.,* 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *Cf. Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine*, and it is within the district court's discretion to defer ruling until trial when the trial judge can better estimate the impact of the evidence on the jury. *See, e.g., United States v. Amaro,* 613 F. App'x 600, 602 (9th Cir.), *cert. denied sub nom. Stewart-Hanson v. United States*, 136 S. Ct. 276 (2015); *see also Jonasson,* 115 F.3d at 440.

**DISCUSSION**

**I. PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff brings eight motions *in limine*, which the Court addresses in turn.

**1. To Exclude Reference to Plaintiff's Criminal Convictions and Sentences**

Plaintiff seeks to exclude references to his criminal convictions and sentences—specifically, his convictions for murder, attempted murder, gang enhancements, unlawful firearm activity, his misdemeanor conviction for driving under the influence, and his juvenile convictions. Plaintiff argues that the relevance of his convictions is outweighed by the prejudice of such evidence. ECF No. 132 at 4. Regarding his murder conviction, he argues that pursuant to Federal Rules of Evidence 609(a)(1) and 403, this conviction, which is over ten years old, is not admissible at trial, and that is not indicative of his truthfulness. *Id.*

Defendant agrees that he will not introduce evidence of Plaintiff's misdemeanor convictions, juvenile convictions, and the specific details of any of Plaintiff's crimes, but with regard to Plaintiff's murder and attempted murder convictions, argues that he should be permitted to introduce evidence as to the offense charged, the date of the conviction, and the sentence imposed for his 2001 felony convictions. ECF No. 142 at 1-3. Defendant contends that the probative value of Plaintiff's convictions for murder and attempted murder outweigh any prejudice towards him. *Id.* at 1-2. Defendant additionally contends that the ten-year-rule set forth in Rule[1] 609(b) is inapplicable in this case. *Id.*

As to Plaintiff's juvenile and misdemeanor convictions, the Court **GRANTS** the motion as unopposed. As to Plaintiff's murder and attempted murder convictions, the Court **GRANTS IN PART** and **DENIES IN PART** the motion, as follows. Should Plaintiff testify, Defense Counsel is limited to asking him (1) whether he has been convicted of two felonies involving moral turpitude; (2) if so, when he was convicted; and (3) the length of the sentence imposed. Assuming Plaintiff answers affirmatively to these questions, Defense Counsel's questioning regarding the murder and attempted murder convictions must end. However, if Plaintiff denies his convictions, the door is open for further impeachment.

---

[1] Hereinafter, references to the "Rules" or "Rule" indicate the Federal Rules of Evidence.

3

**2. To Exclude Reference to Plaintiff's Criminal Charges Not Resulting in Convictions**

Plaintiff seeks to exclude any and all evidence regarding previous arrests and criminal charges that were brought against him, but were dismissed and did not result in convictions. ECF No. 132 at 7-8. Defendant agrees that he will not introduce any such evidence. ECF No. 142 at 4. Accordingly, the Court **GRANTS** this unopposed motion.

**3. To Exclude Reference to Plaintiff's Witness Green's Criminal Convictions**

Plaintiffs seek to exclude any and all reference to his witness Dupriest Green's criminal convictions, which include robbery, assault, shooting at an occupied vehicle, and gang enhancements. ECF No. 132 at 8-9. Plaintiff argues that the probative value of this evidence is outweighed by the prejudice to him, and that none of Mr. Green's convictions go to his ability to testify truthfully. *Id.*

Defendant does not seek to introduce any evidence of Mr. Green's juvenile convictions, uncharged crimes, or any details of his crimes, but argues that he should be permitted to introduce evidence of Mr. Green's offenses of conviction, the dates of those convictions, and the length of his sentence(s). ECF No. 142 at 4.

The Court **GRANTS IN PART** and **DENIES IN PART** this motion, as follows. Defense Counsel is limited to asking Mr. Green (1) whether he has been convicted of two felonies involving moral turpitude; (2) if so, when he was convicted; and (3) the length of the sentence imposed. Assuming Mr. Green answers affirmatively to these questions, Defense Counsel's questioning regarding Mr. Green's felony convictions must end. However, if Mr. Green denies these convictions, the door is open for further impeachment.

**4. To Limit Testimony of Defense Expert Witness Barnett to Opinion on Medical Issues**

Plaintiff seeks to limit the testimony of Defense Expert Witness, Dr. Bruce P. Barnett, to opinion testimony on medical issues. ECF No. 132 at 9-10. Plaintiff notes that Dr. Barnett holds a law degree in addition to his medical degree, and argues that "[t]his creates particular problems regarding areas in which he may offer opinions – that is, he may offer opinions that are effectively legal opinions rather than medical opinions." *Id.* at 9. By way of example, Plaintiff cites several instances in Dr. Barnett's report that he argues are legal conclusions about Defendant's

4

1 responsibilities and conduct that would "invade the province of the jury." *Id.* at 10-11. Therefore,
2 Plaintiff asks that the Court preclude any such testimony that could constitute a legal conclusion
3 about Defendant's responsibilities and whether Defendant was deliberately indifferent to Plaintiff.
4 *Id.*

5 Defendant agrees that Dr. Barnett will refrain from using the phrase "deliberately
6 indifferent," but citing Rule 704, which provides that "an opinion is not objectionable just because
7 it embraces an ultimate issue," argues that Dr. Barnett should be permitted to testify about the
8 applicable professional standards and Defendant's performance in light of those standards. ECF No.
9 142.

10 The Court **GRANTS** Plaintiff's motion. Dr. Barnett is designated as an expert in medicine,
11 not law. Accordingly, Dr. Barnett may testify about professional (not legal standards) in healthcare,
12 and may testify about the rules of the prison to explain why Defendant did something or did not do
13 something. The Court will otherwise rule on this issue based on timely and appropriate objections.

14 **5. To Permit Plaintiff to Wear Civilian Clothing During Trial Proceedings**

15 While acknowledging that the jury will know that he is currently incarcerated at Kern
16 Valley State Prison, Plaintiff argues that presenting himself in his prison uniform will be unduly
17 prejudicial to his right to a fair trial. ECF No. 132 at 11. Defendant opposes Plaintiff's motion,
18 arguing that prison clothing will not undermine the fairness of the trial, and that dressing Plaintiff in
19 street clothes is unnecessary and burdensome on correctional staff. ECF No. 142 at 6.

20 The Court **GRANTS** Plaintiff's motion, on the condition that there is no jury delay and that
21 the clothes be delivered to Plaintiff one week before trial, so that he arrives at the Courthouse in
22 civilian clothing. Plaintiff's Counsel should also remind the prison litigation coordinator at least
23 two days prior to trial, keeping adequate records of the date, time, and name of the contact person
24 regarding any such communications.

25 **6. To Exclude References to Plaintiff's Past Gang Affiliation**

26 Plaintiff argues that any mention of his prior gang affiliation would be unfairly prejudicial
27 and outweigh any probative value it may have. ECF No. 132 at 11-12. Defendant states that he does
28 not intend to present evidence of Plaintiff's prior gang affiliation, but in the event that Plaintiff

5

claims that he suffered severe emotional distress from falling off the bunk, Defendant requests that the Court permit him to inquire into other incidents that caused Plaintiff severe emotional distress. ECF No. 142 at 7.

The Court **GRANTS** Plaintiff's motion as an exclusion under Rule 403. However, if Plaintiff opens the door on collateral matters, his prior gang affiliation may be used for impeachment purposes.

### 7. To Exclude References to Plaintiff and Green's Prison Complaints and Appeals

Plaintiff argues that all grievances, complaints, and prison appeals made by him and Mr. Green should be excluded as inadmissible hearsay, unduly prejudicial, and improper character evidence. ECF No. 132 at 12.

Defendant argues that a blanket exclusion of evidence pertaining to Plaintiff's appeals and grievances is unwarranted, because Plaintiff appears to be seeking the exclusion of his grievances regarding his claim in this case that he wanted a lower bunk and a soft shoe chrono. ECF No. 142 at 7. Because the complaints and grievances pertaining to Plaintiff's request for a lower bunk and soft shoes could be relevant and constitute admissions or serve as material for impeachment, Defendant contends that this motion should be denied. *Id.* Defendant does not appear to oppose the motion as it refers to Mr. Green's prison complaints and appeals. *See id.*

The Court **GRANTS** Plaintiff's motion, on the grounds that the evidence he seeks to exclude is hearsay and is also barred under Rule 403. However, such evidence may be offered for impeachment or to establish facts in this case based on allegations in the complaint.

### 8. To Exclude Evidence of Plaintiff's Prison Disciplinary History

Plaintiff argues that his prior prison discipline history should be excluded as impermissible character evidence under Rules 402, 403, 404(a), 404(b), 608, and 802. Defendant agrees that he will not offer any such evidence. Accordingly, the Court **GRANTS** Plaintiff's unopposed motion.

## II. DEFENDANT'S MOTIONS IN *LIMINE*

Defendant brings two motions *in limine*, which the Court addresses in turn.

//

//

**1. to Exclude Reference to Other Lawsuits and Complaints Filed Against Defendant**

Defendant seeks to preclude Plaintiff from introducing evidence of other lawsuits and/or internal complaints filed against Defendant. ECF No. 134 at 2-3. Defendant argues that (1) Plaintiff failed to identify any such plaints or lawsuits in the exhibit list or proposed pre-trial order, as required by E.D. Cal. L.R. 281; (2) evidence of other lawsuits and/or complaints is irrelevant to this litigation; (3) this evidence is inadmissible under Rule 404(b), as Plaintiff cannot meet his burden of showing that the evidence could prove any of the issues set forth in the Rule; and (4), the probative value of such evidence is minimal and will consume an inordinate amount of time and potentially confuse the jury. *Id.*

Plaintiff opposes Defendant's motion, arguing that under Rule 404(b), evidence of past lawsuits and/or complaints against Defendant are relevant as to Defendant's subjective state of mind and intent. ECF No. 141 at 1-2. However, Plaintiff's Opposition is completely devoid of specifics he wishes to explore, and further provides no offers of proof, including, but not limited to facts, findings, and judgments/results. Based on the lack of specificity in Plaintiff's Opposition, coupled with the Rule 403 analysis concerning undue consumption of time identified by Defendant, the Court's **GRANTS** Defendant's motion.

**2. To Exclude Reference to Other Lawsuits Filed Against Dr. Barnett**

Defendant seeks to prevent Plaintiff from "attempting to 'impeach' [Dr. Barnett] with evidence that he has been sued for medical and legal malpractice sometime in his 40-year career and that he currently has a civil rights case pending against him. ECF No. 139 at 1-4.[2] Defendant contends that such evidence is irrelevant, as "the suits constitute nothing more than inadmissible character evidence, and evidence regarding them should be excluded on the ground that such evidence will be unduly time consuming, especially in light of the lack of relevance." *Id.* at 3.

Plaintiff argues that this evidence is relevant, because he anticipates that Defendant "will make much of Dr. Barnett's impressive resume to buttress his opinions," and that to the extent Dr. Barnett's education, training, and experience are relevant to his testimony, his history of being sued

---

[2] Defendant filed this motion after the July 27, 2016 deadline set forth in the Pre-trial Order. *See* ECF Nos. 127, 139. However, based upon its review of the motion's supporting declarations, and the fact that Plaintiff's counsel did not depose Dr. Barnett until August 1, 2016, the Court found there to be good cause to consider Defendant's motion. *See* ECF No. 140.

1  is also relevant. ECF No. 141 at 4-5. Plaintiff further argues that because Dr. Barnett is currently
2  being sued in another § 1983 case under a similar legal theory of deliberate indifference, there is
3  "an appearance of conflict of interest, or a minimum, of bias." *Id.*

4  The Court **GRANTS** Defendant's motion. Again, Plaintiff's Opposition lacks specificity as
5  to how this evidence would be relevant to the issues in this case. Furthermore, introducing such
6  evidence would consume an inordinate amount of time, as it would require Dr. Barnett to explain
7  each case and his role in each case, and would likely cause confusion for the jury.

### III. FACTS FOR TRIAL

9  Plaintiff submits that certain factual allegations listed in the factual background of this
10 Court's September 15, 2015 Order granting former co-defendant Avery's summary judgment
11 motion be found undisputed facts for purposes of trial. ECF No. 133. The relevant factual
12 allegations pertain to whether Plaintiff had an accommodations order for a lower bunk that was not
13 honored during his initial housing assignment and whether Defendant refused to honor this
14 accommodations order. *Id.* at 2. Defendant opposes, arguing, *inter alia*, that the Court did not make
15 the findings that Plaintiff is claiming it made, pointing to the Court's footnote in the Order
16 explaining that it was assuming the evidence of the non-moving party to be true because the case
17 was on summary judgment at that point, and that Defendant never admitted or stipulated to these
18 factual allegations. ECF No. 135 at 4-7. Defendant also disputes these factual allegations, as it is his
19 belief that when Plaintiff arrived at KSVP, his lower bunk chrono had expired. *Id.* at 2.

20 The Court agrees with Defendant and finds that the "facts" Plaintiff seeks to have the jury
21 instructed upon are disputed for purposes of this trial. The Court's Order clearly indicates that it
22 was assuming, without deciding, the truth of certain allegations (including the two allegations set
23 forth above) made by Plaintiff to decide Avery's summary judgment motion at an earlier stage in
24 these proceedings. *See* ECF No. 82 at 2. The Order further explains why certain "fact" findings are
25 different on summary judgment, as opposed to trial. *See id.* Unless there is an actual stipulation by
26 both parties on the facts for trial, the facts remain disputed. Accordingly, to be clear—the
27 allegations that (1) on February 10, 2011, Plaintiff had an accommodations order for a lower bunk
28 that was not honored during his initial housing assignment at KVSP; and (2) Defendant prescribed

Motrin for Plaintiff's pain but refused to honor the lower bunk accommodation order—are disputed, and will be submitted to the jury.

**IV.    CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that the parties' motions *in limine* are **GRANTED IN PART** and **DENIED IN PART**, as set forth above. **IT IS FURTHER ORDERED** that the factual allegations discussed above remain disputed for purposes of trial.

IT IS SO ORDERED.

Dated:   **August 12, 2016**              /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE